## In re WHALEN.

(Supreme Court, Appellate Division, Fourth Department.   March 8, 1911.)

1. WILLS (§ 637*)—CONSTRUCTION—VESTED INTEREST.

Testator directed a sale of his real estate, and by the third clause of his will required the investment of $6/40$ of the proceeds and the payment of income thereof semiannually to testator's daughter M., and, in case she died before testator or before her husband, then to pay over the sum so invested to testator's widow and two other daughters, share and share alike, the shares given to the daughters in such event to be subject to the same regulations and restrictions as were thereafter imposed on bequests to them; but, in case M. survived her husband, then to pay over such proportion to her absolutely without restriction on the husband's death. *Held*, that since the contingent interest in the remainder was given to the widow and daughters as individuals without words of survivorship, and they were not designated and could not be considered as forming a class of contingent legatees, the widow took a vested contingent interest in the fund which on her death passed as a part of her estate.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 637.*]

2. WILLS (§ 630*)—CONTINGENT LEGACIES—RESTRICTIONS.

Where contingent legacies are subject to illegal restrictions, such restrictions do not invalidate the legacies in general, but entitle the legatees to take freed therefrom.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 630.*]

3. TRUSTS (§ 52*)—PARTIAL VALIDITY.

Testator by the fourth clause of his will directed his executors to invest $6/40$ of a fund and pay the interest semiannually to his daughter A. for life and at her death to pay the principal sum and accrued interest then remaining to the order of Sisters of Mercy to which she belonged and to the house or branch of the order wherein she should be next prior to her death. By the fifth clause he provided that another $6/40$ of the fund should be invested and the interest paid semiannually to his daughter E. and at her death to pay the principal and accrued interest to the Ladies of the Sacred Heart, to which community testator bequeathed the principal at the daughter's death. *Held*, that the trusts, so far as they provided for the investment of the fund and the semiannual payment of the income to testator's daughters, were valid and would be enforced to that extent, regardless of the alleged invalidity of the bequests in remainder.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 52.*]

Appeal from Surrogate's Court, Monroe County.

Judicial settlement of the accounts of Richard Whalen, as sole surviving executor and trustee of Patrick Quinn, deceased. From a Surrogate's decree holding certain trusts created by the will invalid, Elizabeth A. Quinn, Ann Quinn, St. Joseph's Convent Corporation, and the Ladies of the Sacred Heart appeal.   Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank J. Hone, for appellants.

Everett K. Van Allen, for special guardian of infant respondents Donald F. and Kathleen McGarry.

Hugh J. O'Brien, for respondent Richard Whalen, as executor, etc.

James M. E. O'Grady, for respondents Bernard Clark, Daniel P. McGarry, and Anna J. McGarry.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ROBSON, J. The proceeding, which resulted in the decree from which this appeal is taken, was begun by filing in Surrogate's Court the petition of the executor and trustee stating that petitioner is desirous of accounting for the fund held by him as trustee under the provisions of the third paragraph of the will of Patrick Quinn, deceased, and distributing the said fund to those entitled thereto, and asking the direction of the court as to the proper distribution of the fund and a determination of the persons and corporations entitled thereto. Answers were interposed by certain of the interested parties questioning the validity, force, and effect, not only of the third paragraph of the will, but also of the fourth and fifth paragraphs thereof, and asking that the said paragraphs be set aside as indefinite and contrary to law, and that the funds held by said trustee under these clauses be distributed, as if the testator had died intestate as to them. It appears that in prior proceedings in the Surrogate's Court the executors fully accounted for the funds of the estate, and distributed the same, except the three several funds established by these three items of the will, and received as trustees to fill the trusts established by said items the sum of $17,057.48. Thereafter one of the executors and trustees died, and the surviving executor had an intermediate accounting in Surrogate's Court in which a decree of settlement was entered by which the surviving trustee was directed to keep invested the total amount of the trusts set forth in these three items of the will and distribute the same in accordance with the provisions of the will. Apparently the surviving trustee thereafter managed the several funds as directed by the will and paid the income as thereby directed to the several persons entitled thereto up to the time this proceeding was begun.

Patrick Quinn, the testator, died February 11, 1885, and his will, with one codicil thereto, both executed in 1884, was admitted to probate on the 26th of February, 1885. He left him surviving Ann Quinn, his widow, and Mary Clark, Ann Quinn, and Elizabeth A. Quinn, his daughters, and Edward J. McGarry, Anna J. McGarry, and Daniel P. McGarry, children of a deceased daughter, his only heirs at law and next of kin. Thereafter the widow, Ann Quinn, died intestate leaving as her only next of kin her children and grandchildren who are the children and grandchildren of the testator, above named. After the death of the widow, Ann Quinn, her grandson, Edward J. McGarry, died, leaving two children, Donald F. and Kathleen McGarry. Thereafter and in December, 1907, Mary Clark died intestate, leaving her surviving her husband, Bernard Clark, and no descendant or ancestor in the direct line.

Testator's will first directs the sale of all real estate he might own at his death, the proceeds to be added to all his other property "thereby constituting one fund," which, after payment therefrom of debts and expenses, the executors are directed to distribute in accordance with the provisions of the will following. The succeeding clauses of the will now in question are as follows:

"Third. I direct my executors to safely invest the six-fortieth (6–40) part of the fund above named and pay the interest thereof half yearly to my daughter Mary, wife of Bernard Clark. In case she should die, however, before my death or before the death of her said husband, Bernard Clark, I then

direct my executors to pay over said sum so invested to my wife Ann Quinn and my daughters Ann and Elizabeth, share and share alike, the shares hereby in that event given to my said daughters to be subject to the same regulations and restrictions as are hereinafter imposed on bequests to them; but in case she should survive her husband, said Bernard Clark, I direct my said executors to pay over said sum so invested to her my said daughter Mary absolutely and without restrictions, on the death of her husband.

"Fourth. I direct my executors hereinafter named to safely invest the six-fortieth (6–40) part of the fund above named, and pay the interest thereof half yearly to my daughter Ann, now a member of the order known as the Sisters of Mercy and named therein Sister M. Xavier, during the term of her natural life, and at her death to pay the principal sum so invested together with any accrued interest then remaining to the said order of the Sisters of Mercy to which my said daughter now belongs and to that house or branch of said order wherein she shall be next prior to her death.

"Fifth. I direct my said executors to also safely invest another six-fortieth (6–40) part of the fund above named and pay the interest thereof half yearly to my daughter Elizabeth A. Quinn, now a member of the religious community known as the Ladies of the Sacred Heart during the term of her natural life; and at her death to pay the principal sum so invested together with any accrued interest then remaining, to the said Ladies of the Sacred Heart to which community I, at the death of my said daughter give and bequeath the same."

The determination of the Surrogate's Court in respect to the several trust funds which the testator sought to create by these provisions of the will is: That, as to the fund established by the third item of the will, the widow, Ann Quinn, took a vested contingent remainder in two of the six-fortieths of the estate set apart by that clause subject to the life estate therein of Mary Clark, and, the life estate having terminated, this portion of the fund is directed to be paid to the administrator of the estate of Ann Quinn when one shall be appointed. That as to the two-fortieths given in that item to each of the daughters, Ann and Elizabeth A. Quinn, they are subject to the same regulations and restrictions as are imposed upon legacies given them by the subsequent clauses of the will. That the trusts attempted to be created by the subsequent clauses, thus referred to, being the fourth and fifth clauses thereof, are each invalid and void, and the fund referred to in each clause, together with the share of the fund given the legatee by the third clause, passes to the next of kin of the testator to be distributed as unbequeathed assets.

Counsel for appellants urges that the surrogate's determination as to the share of the widow, Ann Quinn, in the fund established by the third clause and the disposition thereof which he has directed are erroneous. The theory, upon which this claim is based, is that the interest in remainder in this fund did not vest until the contingency, by which its ultimate destination was to be determined, should be decided, either by the death of the life beneficiary before her husband, or by the death of her husband leaving her surviving. The widow, Ann Quinn, having died before the life beneficiary, it is claimed she never had a vested interest in any part of the fund; and the two surviving daughters, being at the time the contingency was decided by the death of the life beneficiary leaving her husband surviving the only survivors of those to whom in that event the fund was directed to be

paid, are now entitled to the whole fund. A sufficient answer to this claim would seem to be that the testator's intention does not seem to be thus expressed. The contingent interest in remainder in this fund is given to the widow and the daughters, Ann and Elizabeth, as individuals whose right to take is neither limited nor enlarged by words of survivorship. Nor are they designated nor could they properly be considered as forming a class of contingent legatees the membership of which was intended by the testator to be determined when the contingency determining the disposition of the fund occurred.

That the widow, Ann Quinn, took a vested contingent interest in this fund, which on her death would pass as a part of her estate, seems also to be supported by authority. Hennessy v. Patterson, 85 N. Y. 91. But, whether it be held that this share of the fund is a part of her estate, or should be treated as a lapsed legacy, the interests of the parties now entitled to share therein would apparently not be materially changed; since it appears that the same persons are the next of kin of the testator and of his widow.

The surrogate decides that the interests of Ann and Elizabeth in this fund are respectively subject to the same regulations and restrictions contained in the fourth and fifth clauses of the will by which the principal legacies to these beneficiaries are given; and, having determined that these regulations and restrictions are illegal and make void the legacies severally given by these clauses, the same result follows as to their interests in this fund. It would seem that, if the regulations and restrictions sought to be imposed upon this direct gift of shares in this fund to the legatees are invalid and illegal, each of the legatees would take her share freed of these invalid restrictions and regulations, instead of the bequest itself being thereby made void and the whole interest of the beneficiary in the legacy swept away because of that fact alone. Oxley v. Lane, 35 N. Y. 340, 349.

In the fourth clause of the will testator makes evident his intention to establish a fund to be held and managed by his executors as trustees during the life of his daughter, Ann, the income of which to be paid to her by the•trustees half yearly. So much of his testamentary intention cannot be questioned as in any way illegal, unless it is clear that he has made this provision for his daughter dependent upon some other illegal disposition of the fund to such an extent that his intended testamentary disposition thereof, as a whole, would be thwarted, if this provision be given effect and the illegal portion excluded. If the legal purposes of a trust are separable from the illegal portion thereof, the former may be sustained, though the latter cannot. This principle is consistently stated and applied in numerous cases. That the life interest of Ann Quinn is in no way made dependent upon the ultimate disposition of the remainder, beyond the fact that it is to be derived as income from investment of the fund, is apparent. It is the principal provision for this daughter made by the will. If that fails, her personal benefit from the estate under the terms of the will is practically eliminated. Such result should be avoided unless its attainment is possible only by a palpable violation of legal principles. It also appears inferentially at least that for many years she has received the income

of this fund, and such payments of the income have received the approval of the Surrogate's Court on settlement of the accounts of the trustees. The suggestion that it is apparent that testator intended this income to go to the daughter knowing that it would be used by her only for the benefit of the residuary legatee of the fund, the religious community of which she was, and is, a member, and that the testator's intention was manifest to give in this way the whole fund to the residuary legatee is not persuasive. The income is given to her as an individual. The use to which it is to be applied she determines. It is her property not subject, or subjected, to the control of the residuary legatee. Her life estate in this fund is a legal and subsisting interest therein.

The similar interest of the daughter Elizabeth A. Quinn in the trust fund provided for by fifth clause is for like reasons equally valid and subsisting.

The conclusions indicated above necessarily require a modification of the surrogate's decree so far as it directs immediate distribution of these funds to the next of kin as property of the testator not effectually bequeathed by his will.

Whether the legatees to which these funds, subject to the life estates therein, are given by the terms of the will, can take the several remainders on the termination of the life estates therein, it is perhaps unnecessary now to determine. The stipulations of fact and the evidence in the record now before us are so incomplete and unsatisfactory that the past and present legal status of these corporations, or associations, and their several legal capacities to take these legacies, are so uncertain that it is difficult, if not impossible, to pass intelligently upon their present rights as legatees. In view of the fact that these funds must continue to be held and managed by the trustee for the life of the several life beneficiaries therein, decision as to the ultimate disposition of the funds may well abide until in some subsequent proceeding the rights of the parties in interest may be ascertained upon a more complete and satisfactory presentation of the necessary facts.

The decree should be modified so as to provide in effect that the trustee, during the life of Ann Quinn, hold, manage, and invest the fund established by the fourth clause of the will, together with one-third of the fund established by the third clause, and pay over the income thereof to her during her life; that he in like manner hold, manage, and invest, during the life of Elizabeth A. Quinn, the fund established by the fifth clause of the will, together with one-third of the fund established by the third clause and pay over the income thereof to her during her life; that the rights of the parties to the remainder in said several funds are not now passed upon, nor determined; and that the decree as modified be affirmed, with costs of this appeal to all parties appearing by separate attorneys payable out of the estate. All concur.