(81 Misc. Rep. 352.)

### BOYNTON et al. v. LAHENS et al.

(Supreme Court, Special Term, New York County.   June, 1913.)

1. WILLS (§ 687*)—CONSTRUCTION.

A will bequeathing testatrix's residuary estate, all personalty, to trustees in trust (1) to hold and invest and pay the income to her children, share and share alike, during their respective lives; (2) and directed that, on the death of any of the children, the trustee should pay to its issue, share and share alike, one equal part of the estate, divided into as many parts as there shall be children surviving testatrix; (3) and further directed that, in case any child die leaving no issue, its share be disposed of as it may direct by will, or, failing such disposition, that it fall into testatrix's residuary estate "and be distributed as hereinbefore provided"; (4) and further directed that, in case any child shall predecease testatrix leaving issue surviving, the trustees pay over to such issue, share and share alike, the child's portion, and on the death of any other surviving children that they "pay to said issue, share and share alike, one equal part of said estate as provided in subdivision 2 thereof." Held that, on the death of any child without issue surviving, and without disposing of its share by will, such share should be divided into as many subshares as there were children then surviving, which subshares should be added to each of the subsisting trusts, and that upon, the death of each child the subshares so added should vest in its issue, if any, and that, if any child died intestate and childless, the subshares held for such child should vest in the decedent's next of kin, if any, as of the date of decedent's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1638–1643; Dec. Dig. § 687.*]

2. WILLS (§ 682*)—CREATION—INDEPENDENT TRUSTS—INCOME.

Where income and principal are given in equal shares out of one fund, kept in solido for mere convenience of investment, separate and independent trusts may be created for the several beneficiaries, and the shares and interests will be several, and held by them respectively as tenants in common, though the fund remains undivided.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1602, 1607–1611; Dec. Dig. § 682.*]

Action by Frederick C. Boynton and others, as trustees, etc., against Elinor V. Lahens and others, for the construction of a will.   Judgment according to opinion.

Daly, Hoyt & Mason, of New York City, for plaintiffs.

Joseph L. Delafield, of New York City, for defendants Chester C. Boynton and Elinor V. Lahens.

Joseph V. Gallagher, of New York City, for defendant Nathalie Boynton.

W. Holden Weeks, of New York City, guardian ad litem.

GUY, J.   [1] This is an action for a construction of the will of Theodosia Boynton, deceased.   The testatrix died January 25, 1908, leaving her surviving five adult children, four of whom are now living; her son, Theodore V. Boynton, having died on November 15, 1911, intestate, married, and without issue.   Two of the testatrix's surviving children are unmarried, the other two are married, and both of them have surviving minor children.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The testatrix's two surviving married children contend that the tenth clause of the testatrix's will is void, as unlawfully suspending the ownership of the residuary estate, which the account shows is all personalty, for more than two lives, and that the testatrix died intestate as to her entire residuary estate. The guardian for the infant children of the testatrix's two surviving married children claims that the five trusts set up in the residuary clause are all valid, and that the one-fifth share held in trust for the testatrix's since deceased son, Theodore V. Boynton, should be divided into four equal parts or subshares, each of which subshares should be added to and form a part of one of the four subsisting trusts, and upon the death of each child the subshare so added should vest *in the then next of kin of the testatrix.*

The residuary clause of the testatrix's will reads:

"Tenth. All the rest, residue and remainder of my estate, I give, devise and bequeath to my trustees hereinafter named, in trust, nevertheless, for the following uses and purposes, namely: (1) To hold and invest the same and collect the income therefrom and pay such income to my children, share and share alike, during their respective lives. (2) On the death of any of my said children, I direct my said trustees to pay to his or her issue, share and share alike, one equal part of my said estate, on the basis of a division thereof into as many parts as there shall be children me surviving. (3) In case any of my said children shall leave no issue him or her surviving, then I direct that said share set apart to him or her in trust as aforesaid shall be disposed of as he or she may direct by his or her last will and testament, and failing such disposition by him or her, then I direct that such share shall fall into my residuary estate and be distributed as hereinbefore provided. (4) In case any of my said children shall predecease me, leaving issue him or her surviving, then I direct my said trustees to pay over to such issue, share and share alike, that portion of the income of my said estate to which such child would have been entitled if living, and on the death of any one of the other surviving children, then I direct my said trustees to pay to said issue, share and share alike, one equal part of said estate as provided in subdivision 2 thereof."

The five trusts set up by the residuary clause of the will are not indivisible or joint, nor do they create a blended trust fund; but they are independent, separate, and distinct, the beneficiaries take as tenants in common, and the power of alienation of each share is only suspended during the lives of the two successive beneficiaries, during which that share with its respective subshare is limited. Schey v. Schey, 194 N. Y. 368, 373–375, 87 N. E. 817; Chastain v. Tilford, 138 App. Div. 746, 751–752, 123 N. Y. Supp. 513; affirmed, 201 N. Y. 538–543, 544, 94 N. E. 646; Vanderpoel v. Loew, 112 N. Y. 167, 177, 180–186, 19 N. E. 481; Matter of Mount, 185 N. Y. 162, 169, 170, 77 N. E. 999; Smith v. Edwards, 88 N. Y. 92–103; Moore v. Hegeman, 72 N. Y. 376, 382–384; Stevenson v. Lesley, 70 N. Y. 512, 515, 516; Amory v. Lord, 9 N. Y. 403, 415, 416; Chapl. Sus. Alien. (2d Ed.) §§ 100–112.

[2] Although the principal of the trust fund is held in one general mass for convenience of investment, yet the primary beneficiaries' interests, as well as the successive beneficiaries' interests, are several, and are held by them respectively as tenants in common, even though the fund remains undivided. Leach v. Godwin, 198 N. Y. 35, 41, 91 N. E. 288. No contingency resulting from the uncertainty as to which

of the alternative future estates in the subshares will vest or fail to vest could create any restraint on the power of alienation of the remainder. Real Prop. Law, § 51; Hennessy v. Patterson, 85 N. Y. 91, 99; Knowlton v. Atkins, 134 N. Y. 313, 317–322, 31 N. E. 914. The cases where trusts in joint tenancy for the lives of more than two persons, blended trust funds to be held intact until the death of the last of more than two beneficiaries, and trusts of personal property to continue during the lives of persons not in being at the creation of the trust, have been held invalid, are not in point. The testatrix intended, and I see no legal difficulty in the carrying out of such intention, that in·the event of the death of any child without issue surviving, and without disposing of its share by will, the share of such child should be divided into as many subshares as there were children then surviving, which subshares should be added to and form a part of each of the subsisting trusts; that, upon the death of each child, the subshares so added should vest in its issue, if any; that if any such child died intestate and childless the subshare held for such child should vest in the decedent's next of kin, if any, as of the date of decedent's death. Matter of Wilcox, 194 N. Y. 306, 87 N. E. 497; Clark v. Cammann, 160 N. Y. 316, 328, 329, 54 N. E. 709; Greenland v. Waddell, 116 N. Y. 234–245, 22 N. E. 367, 15 Am. St. Rep. 400.

Judgment construing the will accordingly, with costs to plaintiff and to the infant defendants.

Judgment accordingly.