In the Matter of the Application of FRANK P. WOLFE, as One of the Executors, etc., of FRANK D. BARNEY, Deceased, for the Judicial Construction of the Will of URSULA TURNER, Deceased.

FRANK P. WOLFE and Another, as Executors, etc., of FRANK D. BARNEY, Deceased, and Others, Appellants; J. LEONARD GRISWOLD and Others, Respondents.

Fourth Department, June 29, 1923.

**Wills — construction — devise to one person for life with remainder to two persons and heirs — if remaindermen had no heirs then property was to go to brothers and sisters of testatrix — one remainderman died before life tenant without children or descendants and other died after life tenant without children or descendants — " heirs " as used means " children or descendants " — remainderman dying after life tenant took one-half — brothers and sisters of testatrix took other half.**

Under proceedings to construe a will it appeared that the testatrix devised her property to a daughter for life, with the remainder over equally to a son and a sister's son " and their heirs forever and if they have no heirs " to the brothers and sisters of the testatrix. One of the remaindermen died before the life tenant without children or descendants, and the other died after the life tenant without children or descendants.

*Held*, that the word " heirs " as used in the will must be construed to mean " children or descendants " and that the remainderman who survived the life tenant is entitled to one-half of the property and the other half goes to the brothers and sisters of the testatrix.

APPEAL by Frank P. Wolfe and another, as executors, etc., and others, from a decree of the Surrogate's Court of the county of Chautauqua, entered in the office of said Surrogate's Court on the 29th day of January, 1923, construing the will of Ursula Turner, deceased.

*Ottaway & Munson* [*Arthur B. Ottaway* of counsel], for the appellants.

*William S. Stearns*, for the respondents J. Leonard Griswold and another.

*William G. Martin* [*Perlie P. Fallon* and *William S. Stearns* of counsel], for the respondent Effie Phillips.

CROUCH, J.:

Ursula Turner died April 7, 1883. Her last will and testament, dated July 3, 1882, and probated November 13, 1883, reads as follows:

" This is to certify that I, Ursula Turner, give the use of my whole property at my death to Mariett L. Barney my daughter as long as she lives and at her death to be equally divided the principal between her son Franklin D. Barney and her sister's son Roy D. Herrick and their heirs forever and if they have no heirs, to my brothers and sisters with the exception of William B. Griswold who had the largest share in his father's property and for that and other reasons will not share in mine."

Testatrix was survived by Mariett L. Barney, her daughter, life tenant, and by Franklin D. Barney, then aged thirteen years, son of Mariett, and by Roy D. Herrick, then aged thirteen years, son of a deceased daughter, both remaindermen. She was also survived by five brothers and sisters, all of whom were dead when this proceeding was begun. Mariett L. Barney died July 24, 1921. Franklin D. Barney married after the death of testatrix, and died April 16, 1922, leaving a widow but no children or descendants. Roy D. Herrick likewise married after the death of testatrix, and died February 3, 1916, leaving a widow but no children or descendants.

The petitioner, as one of the executors under the will of said Franklin D. Barney, brings this proceeding for a construction of the will of Ursula Turner.

It is the contention of petitioner that said will should be construed, *first*, as giving to Mariett L. Barney a life estate, and *second*, as giving Franklin D. Barney and Roy D. Herrick the remainder in fee, subject only to the contingency of their surviving the testatrix. On the other hand, it is the contention of the respondents, sustained by the decree of the Surrogate's Court, that the will gave Barney and Herrick a remainder after the life estate, conditional in its nature, and subject to being divested upon the contingency of death at any time without children or descendants. It was, therefore, decreed that the property of Ursula Turner, upon the expiration of the life estate, passed to her brothers and sisters, or their representatives, legatees or descendants.

We are of the opinion that neither of the constructions contended for is the true one, or expresses the intent of the testatrix.

It seems reasonably clear that the word " heirs " should be construed here as meaning children or descendants. Ordinarily this is a word of art, and will be so taken; but the restricted or colloquial meaning will be given to it where such a meaning seems,

as it obviously does here, more nearly to express the wishes of the testator. (*Matter of Cramer,* 59 App. Div. 541; affd., 170 N. Y. 271.)

The gift to the brothers and sisters of the testatrix rests upon the contingency of the death without surviving children of either or both of the primary remaindermen. The question is to what point of time that death is to be referred. In the absence of more certain indications, we may rest upon the settled rule of construction that where a gift is limited on the death of a remainderman without issue, these words are restricted to death before the termination of the particular estate. (*Fowler* v. *Ingersoll,* 127 N. Y. 472; *Lyons* v. *Ostrander,* 167 id. 135; *Matter of Farmers' L. & T. Co.,* 189 id. 202, 207; *Schwartz* v. *Rehfuss,* 129 App. Div. 630; affd., 198 N. Y. 585; 2 Schouler Wills [6th ed.], 1221.)

A construction in accordance with this rule seems to accord with the surrounding circumstances and with the language of the will. The one definite point of time mentioned in the will is the death of the life tenant. It was then that the principal was to be divided between Barney and Herrick, and to go to them and their heirs forever. They and their children were the natural objects of Mrs. Turner's affection and bounty. While she apparently contemplated that both remaindermen would be living at the expiration of the life estate, it may well be assumed from the use of the word " heirs " — that is, children — in the same connection, that she had in mind the possibility of one or both of them being at that time dead, with children surviving; and so the gift was not only to Barney and Herrick, but, if they or either of them were dead, then to their children. There would then follow naturally the thought that there might be in the event of death no children surviving. So it·was immediately provided that in such event, that is, if her own direct line were at that time wholly or partly extinct, then the property was to go to the brothers and sisters.

Our conclusion, therefore, is that the will should be construed as follows:

1. A life estate in Mariett L. Barney.

2. The remainder at her death to Franklin D. Barney and Roy D. Herrick, each to take one-half, subject to defeasance in case of death during the life of the life tenant.

3. In the event of the death of either remainderman, leaving children surviving, at the death of the life tenant, then the remainder to such surviving children.

4. In default of either of such dispositions at the death of the life tenant, in the case of either half of the property, then to the brothers and sisters of testatrix or their descendants. The result

of this construction is to give petitioner one-half of the property, and respondents the other half.

The decree of the Surrogate's Court should be reversed on the law, with costs, and the matter remitted to the Surrogate's Court with directions to enter a decree in accordance with this opinion, the costs allowed on such decree to be in the discretion of the surrogate.

All concur.

Decree of Surrogate's Court reversed on the law, with costs, and matter remitted to the Surrogate's Court with directions to enter decree in accordance with the opinion.