In the Matter of the Application of FRANK P. WOLFE, as One of the Executors, etc., of FRANK D. BARNEY, Deceased, for the Judicial Construction of the Will of URSULA TURNER, Deceased.

FRANK P. WOLFE and Another, as Executors, etc., of FRANK D. BARNEY, Deceased, and Others, Appellants; J. LEONARD GRISWOLD and Others, Respondents.

Fourth Department, July 1, 1924.

**Wills — construction — devise to one person for life with remainder to two persons and heirs — if remaindermen had no heirs then property was to go to brothers and sisters of testatrix — one remainderman died before life tenant without children or descendants and other died after life tenant without children or descendants —" heirs " as used means " children or descendants "— remainderman dying after life tenant took one-half — brothers and sisters of testatrix took other half — fact that brothers and sisters predeceased both remaindermen does not change rule.**

(On original argument. See 206 App. Div. 294.)

Under proceedings to construe a will it appeared that the testatrix devised her property to a daughter for life, with the remainder over equally to a son and a sister's son " and their heirs forever and if they have no heirs " to the brothers and sisters of the testatrix. One of the remaindermen died before the life tenant without children or descendants, and the other died after the life tenant without children or descendants.

*Held*, that the word "heirs" as used in the will must be construed to mean " children or descendants " and that the remainderman who survived the life tenant is entitled to one-half of the property and the other half goes to the brothers and sisters of the testatrix.

(On reargument.)

The fact that the brothers and sisters of the testatrix predeceased both of the remaindermen does not change the rule announced on the original argument for the brothers and sisters took a vested contingent remainder and they had the absolute right to have the estate if the remaindermen died prior to the death of the life tenant without heirs and that interest is descendible.

REARGUMENT of an appeal by Frank P. Wolfe and another, as executors, etc., and others, from a decree of the Surrogate's Court of the county of Chautauqua, entered in the office of said Surrogate's Court on the 29th day of January, 1923, construing the will of Ursula Turner, deceased.   (See 208 App. Div. 832.)

*Ottaway & Munson [Arthur B. Ottaway* of counsel], for the appellants.

*William S. Stearns,* for the respondents J. Leonard Griswold and another.

*William G. Martin,* for the respondents Effie Phillips and another.

CROUCH, J.:

Upon the reargument we have considered this case in the light of additional evidence stipulated by the attorneys for the respective parties, not contained in the original record, showing that all the brothers and sisters of testatrix predeceased Roy D. Herrick. We are of opinion that this additional fact does not affect the decision as originally made.   (See *Matter of Turner,* 206 App. Div. 294; 207 id. 837.)   It is urged that under the construction of the will there made, no estate or interest did or could vest in the brothers and sisters of testatrix until the death of either or both of the primary remaindermen without children; that all of them having died before the happening of that contingency, the gift to them lapsed, leaving an intestacy as to one-half of the Turner estate, to which appellants claim to be entitled under the intestate laws.

Testatrix died a year and four months after the will was made. She was evidently an elderly woman.   Her daughter, the life tenant, survived her thirty-eight years.   She would not naturally anticipate that all her brothers and sisters would survive her daughter.   It is fair to assume that she intended her property to go to her collaterals if her own direct line became wholly or partly extinct.   It is also evident that she had her brothers and sisters then living clearly in mind, not as a class, but as individuals, because she expressly excepted her brother William B. Griswold from the gift which she was making.

Our conclusion, therefore, is that upon the death of testatrix, the brothers and sisters (except William B. Griswold) took what has been called by this court (*Matter of Whalen,* 143 App. Div. 743) a vested contingent remainder.   They had something more than the mere possibility of acquiring an estate; they had a vested absolute right to have the estate if the contingency occurred.   That right

was conferred by the will of the testatrix, and vested at the instant of the latter's death, to vest in interest and possession later, upon the happening of the prescribed contingency. It was such a right as the statute recognizes as an estate, places in the category of expectant estates, and makes descendible. (*Hennessy* v. *Patterson*, 85 N. Y. 91; *Sage* v. *Wheeler*, 3 App. Div. 38; affd., 158 N. Y. 679; *Roosa* v. *Harrington*, 171 id. 341.)

The decision heretofore made herein should be reaffirmed.

All concur.

Upon reargument, the former order of this court is reaffirmed, with ten dollars additional costs and disbursements on the reargument.