a definite gift of a portion of the remainder to appellant should he die without children. The Appellate Division held this to be erroneous.

*Thomas P. Heffernan* for appellant.

*Arthur B. Ottaway* for respondents.

Order affirmed, with costs on opinion of DAVIS, J., below.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

In the Matter of the Application of FRANK P. WOLFE, as Executor of FRANK D. BARNEY, Deceased, for a Judicial Construction of the Will of URSULA TURNER, Deceased.

FRANK P. WOLFE et al., as Executors, et al., Appellants and Respondents; J. LEONARD GRISWOLD et al., Respondents and Appellants.

*Will — construction — death of remainderman intestate without descendants before death of life beneficiary — distribution of his share of estate.*

*Matter of Turner (Wolfe),* 206 App. Div. 294; 207 id. 837, affirmed.

(Argued November 25, 1924; decided December 9, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 29, 1923, which reversed a decree of the Chautauqua County Surrogate's Court construing the will of Ursula Turner, deceased, which reads as follows: " This is to certify that I, Ursula Turner, give the use of my whole property at my death to Mariett L. Barney, my daughter, as long as she lives and at her death to be equally divided the principal between her son Franklin D. Barney and her sister's son Roy D. Herrick and their heirs forever and if they have no heirs, to my brothers and sisters with the exception of William B. Griswold, who had the largest share in his father's property and for that and other reasons will not share in mine." Mrs. Turner died April 7, 1883, leaving her daughter, Mariett L. Barney, a grandson Frank D. Barney, and a grandson

Roy D. Herrick. There also survived the testatrix, brothers and sisters, as follows: Otho Griswold, Lewis Griswold, Malvina Phillips, Garafelia Herrick and Meritt Griswold. Roy D. Herrick died intestate February 13, 1916, survived by no children or descendants. Mariett L. Barney died testate July 24, 1921, leaving Frank D. Barney, her son, as her sole legatee. Frank D. Barney died April 16, 1922, testate and leaving no children or descendants. The Appellate Division held that one-half of the estate should pass to the executor of Frank D. Barney and one-half to the descendants of the brothers and sisters of testatrix.

*Arthur B. Ottaway* for Frank P. Wolfe et al., appellants and respondents.

*Perlie P. Fallon, William S. Stearns* and *William G. Martin* for J. Leonard Griswold et al., respondents and appellants.

Order affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

LUCILE B. SPAULDING, Respondent, *v.* THE FIRST NATIONAL BANK, Appellant.

*Pleading — sufficiency of complaint alleging action for conversion of check.*

*Spaulding* v. *First Nat. Bank,* 210 App. Div. 216, affirmed.

(Argued November 25, 1924; decided December 9, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 1, 1924, which affirmed an order of Special Term denying a motion for an order dismissing the complaint.

The following question was certified:

" Does the complaint herein state facts sufficient to constitute a cause of action." The complaint alleged that plaintiff was the owner of, and entitled to possession of, a certain check, made on or about February 23, 1923, wherein and whereby the Mutual Life Insurance Com-