In the Matter of the Petition of HENRY O. BUTTNER, Petitioner, for a Determination as to the Validity, Construction or Effect of the Disposition of the Residuary Estate Contained in the Will of AMANDA F. BUTTNER, Deceased.

Surrogate's Court, Westchester County, June 17, 1925.

**Wills — construction — devise in trust with direction to pay one-third of net income to each of three named beneficiaries — three separate trusts established by will — devise of remainder to two named persons and to issue of others equally — remainder passes to those persons described in will who are in existence at time of termination of trust — remainder is not invalid on ground that it is limited to persons not in being.**

A devise of a residuary estate in trust, with direction to pay one-third of the net income to each of three named beneficiaries, is construed not to be the creation of one trust running for three lives contrary to the statute, but the creation of three trusts, each trust represented by one-third of the residuary estate for the benefit of each of the three named beneficiaries. Although the principal of the trust fund is held in one general mass for convenience of investment yet the beneficiaries' interests are several, even though the fund remains undivided.

The devise of the remainder to two named beneficiaries and to the issue of certain named nephews, share and share alike, with the provision that if any of the first mentioned should die leaving issue surviving, that said issue should take the share of the parent, is construed to pass the remainder to the named remaindermen or their issue, and the issue of the named nephews or their issue who survive at the termination of the trust.

It is not a valid objection to the devise of the remainder that it was limited to a person not in being at the time the testatrix died.

PROCEEDING for construction of will.

*Ralph W. Crolly,* for the petitioner.

*Wilson R. Yard,* for the executor and trustee.

*Strang & Taylor,* for certain remainder interests.

*Henry P. Griffin,* special guardian, for remainder interests.

SLATER, S.:

This proceeding is brought by the sole heir and next of kin of the testatrix, who is also one of the life beneficiaries. The testatrix died on the 6th day of November, 1922. The will was admitted to probate on December 6, 1922. The estate consists of personal property. The provisions of the will, so far as this proceeding is concerned, are as follows:

" *Second.* I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal or mixed, wheresoever situated, whereof I may die seized or possessed, or to which I may be in

Misc. 224]      Surrogate's Court, Westchester County, June, 1925.

any manner entitled, or in which I may be interested at the time of my death unto my trustees hereinafter named, as trustees, in trust nevertheless, for the uses and purposes hereinafter named, as trustees, in trust nevertheless, for the uses and purposes hereinafter provided, with full power to collect the rents, income and profits therefrom and to sell and dispose of the same at public or private sale at such time and in such manner as they shall deem best; to lease, release, mortgage, grant, alien, bargain, sell, convey and assure the same at such times and in such manner as to them shall seem fit and necessary, and after paying my just debts, funeral expenses, taxes and other administration charges, to administer and distribute the rest and residue then remaining as follows:

" 1. To pay over to my grand-daughter, Helen Buttner, when she reaches the age of twenty-five years, the sum of five hundred dollars, absolutely and forever.

" 2. To invest and reinvest the rest and remainder, and, after the deduction of necessary charges, to pay over, semi-annually, or oftener, in their discretion, one-third of the then net income, rents or profits thereon, to my beloved sister, Bertha Schroeder, during the term of her natural life; one-third to my son Henry O. Buttner, during the term of his natural life, and the remaining one-third of said net income to Emma M. Johnson, who was formally, though not legally, adopted by my late husband, Henry Buttner, and myself when she was about two years of age, and an orphan was christened and confirmed at our request by the name of Emma Madeline Buttner, and who was brought up, treated as and looked upon and known generally as our daughter, and who has been a true, loving and dutiful daughter to us and especially to me in my declining years, to her own use and benefit during the term of her natural life.

" *Third.* Should one of the said life beneficiaries predecease me, and at the death of any one thereof, I hereby direct my said trustees to pay over the said net income, rents or profits equally to the survivors, share and share alike, during the term of their natural lives.

" *Fourth.* At the death of any two of the said life beneficiaries, leaving but one thereof surviving, I direct my said trustees to divide the residue of my said estate then remaining into two equal parts, and to distribute and pay over one of said parts equally amongst Fred C. Furcht, son of said Emma M. Johnson, Dorothea E. Wurm, daughters of my nephew August C. Wurm, any issue of my nephew, Henry George Wurm and of my nephews George Moeller and William Moeller, equally, share and share alike.

Should any of said persons predecease leaving them issue surviving at the time of such distribution, then and in that event, said issue is to take the share that the parent would have taken if living.

" *Fifth*. Upon the said event, I direct my said trustees to pay over the net income, rents and profits upon the other one-half to the surviving life beneficiary during the term of said beneficiary's natural life.

" *Sixth*. At the death of the last survivor of the three life beneficiaries aforesaid, I direct my said trustees to pay over and distribute the rest and residue of my estate then remaining and all accumulations equally amongst the persons named in the " Fourth " paragraph of this my Will in the same proportions, shares and manner as therein provided.

" *Seventh*. Should any of the bequests or provisions in this my Will contained lapse according to law by reason of the death of any person or persons entitled to take under said Will, or for any other reason, without a proper direction herein as to how such interest or provision should pass, then and in that event, I order and direct that such interests or provisions shall pass into my residuary estate and become part thereof and be administered and distributed as provided in the sixth paragraph of this my Will."

The named life beneficiaries are living.

Warren G. Wurm, child of August C. Wurm; Roberta Wurm, child of Henry George Wurm; William Moeller, Jr., child of William Moeller were not *in esse* at the death of the testatrix. The account of the executor was judicially settled by a decree of this court August 7, 1924. Pursuant to said decree the trust was set up and the income therefrom has been since paid to the life beneficiaries.

The application of the doctrine of estoppel will not be considered by the court as effectual, even though the petitioner has accepted his share of the income of the trust estate. The questions arising upon this construction have never been litigated or decided. (*Matter of Trevor*, 120 Misc. 22, 28; 207 App. Div. 673; 209 id. 1; 239 N. Y. 6.)

The petitioner contends that the entire trust fund must of necessity be held as a unit for the lives of the three life beneficiaries. If this is true, it would suspend the power of alienation beyond the prescribed lives in being. He further contends that the whole rest and residue of the estate is given to the executors in trust, without expressed separation or division; that such residue was to be invested; that it was to remain actually undivided until the period of distribution; that merely income was specifically given.

It is my opinion that the testatrix contemplated not one trust

running for three lives, but did intend to create a separation and division of the corpus in the very gift of one-third to each life beneficiary of the net income, rents and profits of the trust fund. At the outset there is a direction to the trustees to pay over out of the fund held *in solido* $500 to a grandaughter when she reaches the age of twenty-five years. This certainly does not indicate union of the entire property, except for convenience of investment. While the language of this inartificial will does not expressly sever the trust fund it is of no importance. There is no objection to the contrary. The accruing income is given equally. There can be no objection to the severance of the corpus of the trust into as many separate trusts as there are beneficiaries named in the proportions indicated. The gift to each for their natural lives indicates the legacies of income are to be treated distributively. (*Vanderpoel* v. *Loew*, 112 N. Y. 167, 178; *Leach* v. *Godwin*, 198 id. 35; *Matter of Mangus*, 179 App. Div. 359, 360; *Post* v. *Bruere*, 127 id. 250; *Matter of Colegrove*, 221 N. Y. 455; *Matter of McGeehan*, 200 App. Div. 739; affd., 237 N. Y. 575.) The trusts are independent, separate and distinct. The power of alienation of each share is only suspended during the lives of two successive beneficiaries. (*Boynton* v. *Lahens*, 81 Misc. 352, 355; *Monarque* v. *Monarque*, 80 N. Y. 320; *Schermerhorn* v. *Cotting*, 131 id. 48, 56.) Although the principal of the trust fund is held in one general mass for convenience in investment, yet the beneficiaries' interests are several, even though the fund remains undivided.

Upon the death of the first one of the three life beneficiaries the trustee is directed to pay over the income equally to the two survivors, share and share alike, for the term of their lives. This would add one-sixth to the income to be received by the two surviving life beneficiaries.

At the death of each of the remaining two life beneficiaries, one-half of the corpus of the trust fund is liberated, and direction is made " to distribute and pay over " the same to certain named remaindermen, " share and share alike." The trust as to each share will thus terminate. The remaindermen will succeed to the enjoyment of the estate. (*Matter of Horner*, 237 N. Y. 489, 493.) The share out of which income is derived is given immediately to the remaindermen. The testatrix plainly contemplated a segregation at the time of the death of the second of the three beneficiaries. Each share in order is liberated from the trust. The utmost period of suspension of the ownership of the personal estate will be two lives. The decision in *Leach* v. *Godwin* (*supra*) is relied upon by the petitioner to support his contention of unity and consolidation. The court in that case had to hold that after

the termination of two lives the corpus did not pass to the ownership of an ultimate beneficiary; but was to be applied to the benefit of a grandson until he reached the age of twenty-six years. The case is not in point.

The intention of the testatrix being reasonably clear, it controls the rules for the construction of wills. To declare this entire trust invalid, with resulting intestacy, would nullify the plain intention of the testatrix.

The testatrix planned that upon the death of each of the two surviving life beneficiaries, one-half part of the estate should be distributed and paid over equally to certain remainder interests.

The remaining question is as to the validity of the gift over. Remainders were given to persons *nominatum*, as well as to the issue of certain named nephews, all to take, share and share alike. The clause providing for a substitutional gift to the issue of the remaindermen indicates that survivorship was thought of as a consideration and that the remaindermen living at the time of the distribution of each of the undivided half shares of the estate will be entitled as tenants in common to share equally. Up to the time of the distribution the remainder interest, call it either vested or contingent, was defeasible upon their dying before the arrival of the period named for distribution of each equal share, and subject to open and let in afterborn issue of certain named nephews. At the period of distribution, the estate becomes absolute. (*Matter of Bostwick*, 236 N. Y. 242; *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 id. 93; *May* v. *May*, 209 App. Div. 19; *Matter of Einstein*, 113 Misc. 105; *Salter* v. *Drowne*, 205 N. Y. 204; *Campbell* v. *Stokes*, 142 id. 23, 29.)

It is well settled that, where a gift of property is made to take effect in the future upon the termination of intervening life estates and a substitutional gift to others in the event of death, the death referred to will be held to be death at any time prior to the termination of the life estates. (*United States Trust Co.* v. *Peters*, 180 App. Div. 186.) Applying this rule, the remaindermen had during their lives an interest in the estate, subject to be defeated by death prior to the termination of the trusts and subject to open and let in afterborn issue of Henry George Wurm, George Moeller and William Moeller. During the trust period the estate will not pass to their own successors. Up to this time the gift is contingent and defeasible because of the condition of survivorship. (*Woolley* v. *Hutchins*, 114 Misc. 11, 25.) Whether the estate is termed vested or contingent, it is within the definition of the statute, though defeasible by death before the moment of distribution. Upon the ending of the trust terms, those who are

entitled to take the estate in possession become fixed and certain. Then the vesting is absolute and final.

In *Matter of Whalen* (143 App. Div. 743) and *Matter of Turner* (206 id. 294; 207 id. 837; 210 id. 221; affd., 239 N. Y. 585) the court had occasion to use the term " a vested contingent remainder." It may well be applied in the instant case. The remaindermen have more than a mere possibility of acquiring an estate. They have a vested absolute right to have the estate, if they are living at the time of distribution. That right was conferred by the will to vest in interest and possession later.

Where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. (*Salter* v. *Drowne*, *supra; Matter of Bailey*, 124 Misc. 466, and cases cited.)

A remainder to take effect upon the termination of two lives in being at the creation of the estate may be limited to a person not *in esse* at that time. (*Manice* v. *Manice*, 43 N. Y. 303, 374.) As to the issue of the nephews Henry George Wurm, George Moeller, and William Moeller, the bequest is to a class to take effect in enjoyment at a future time, and issue born subsequent to the death of the testatrix and before the time for the distribution of the trusts are entitled to share therein at the time of such distribution. (*Stevenson* v. *Lesley*, 70 N. Y. 512, 517; *People's Trust Co.* v. *Flynn*, 188 id. 385, 394; *Lewisohn* v. *Henry*, 179 id. 352.)

It is no objection to the validity of the remainder in fee that it is limited in favor of persons not in being, when the limitation is created, or not ascertainable until the termination of a precedent estate, provided only that the contingency upon which the remainder depends must be within and not beyond the termination of the prescribed period for the vesting of estates. (*Purdy* v. *Hayt*, 92 N. Y. 446, 456.) In the instant case the accrued shares would vest absolutely upon the death of the last two life beneficiaries. If, therefore, the nephews should have issue born after testatrix's death, their existence at the period of distribution would seem to cut down the shares, as the gift is to all " share and share alike." The gift over is *per capita*.* Should any of the persons who take under the will predecease distribution leaving issue surviving at the time of distribution, then such issue surviving will be substituted and take the share that the parent would have taken if living at the period of distribution.

The ultimate distribution will be to the named remaindermen

---

* Remainder of paragraph added by the court on the 26th day of June, 1924.— [REP.

or their issue and the issue of the named nephews or their issue, who survive at the termination of each of the two trust periods. If none survive, then intestacy occurs. At the time of distribution the actualities will disclose whether any question arises regarding the definition of the word " issue " as used by the testatrix. (*Petry* v. *Petry*, 186 App. Div. 738; *Matter of Durant*, 231 N. Y. 41, 47.)