## SURROGATE COURT.

### In the Matter of the will of FREDERICK MEYER.

*Will — construction of — when the term survivor refers to the testator's death.*

In a devise of *real estate* to *one for life,* and a devise *of the income of a certain sum* during the life of the same person, and *upon her death* to *eight children* of the testator or to *the survivor or survivors of them,* the remainder-men take a *vested interest* at the *death of the testator,* and consequently though at the time of the decease of the tenant for life there be but five of the children *surviving,* they take only *five-eighths of the estate,* and the heirs at law of the other three children take the residue.

The words of *survivorship* refer to the *death of the testator,* and *not to the death of the tenant for life.*

The same rule of construction prevails whether real or personal property is the subject of the devise or bequest.

·· *Monroe County, February,* 1879.

THE executors have petitioned for a final settlement, and the question of the distribution of the estate has brought up the legal point of construction of the will.   The provisions referred to are as follows:

" 1. I give and bequeath unto my beloved wife the income of one-third of my real estate, or the income of one-third of the proceeds thereof, during her natural life.   I also give and bequeath unto her, during her natural life, the income of $3,500, and upon her death I give the last mentioned sum of

$3,500 to my eight children or the survivor or survivors of them."

Then after several pecuniary legacies to different children : " 5. The remainder and residue of my real and personal estate, or the proceeds thereof, I devise and bequeath unto my eight children, in equal proportions, share and share alike, or to the survivors of them."

The testator died in 1863. After his death, and prior to the death of the widow, three of the eight children died, one without issue, and two of them leaving issue still living. The remaining five children are still living.

The question, therefore, is whether the term "survivor" refers to the testator's death or to the time of the widow's death ; whether the grandchildren can take the part their deceased parent might have had ; in fact, whether what remains shall be divided into five or into eight parts.

The estate was large, and all the heirs were well provided for in the will. All parties are amicably disposed, and freely and voluntarily submit the question for legal interpretation.

*Charles M. Williams* (*Fanning & Williams*) cited *Brograve* agt. *Winder* (2 *Ves.*, 638) ; *Hoghton* agt. *Whitgreave* (1 *Jacob & Walker*, 146) ; 2 *Roper on Legacies* (1382, *note at page* 151) ; 2 *Redfield on Wills* (*p.* 764, *chap.* 14, *sec.* 70, *sub.* 18) ; *Sinton* agt. *Boyd* (19 *Ohio St. R.*, 30) ; *Williamson* agt. *Chamberlin* (10 *N. J. Eq.*, 373) ; *Carmichael* agt. *Carmichael* (1 *Abb. Dec., Ct. App.*, 300) ; 2 *Jarman on Wills* (*p.* 694, 699, 689) ; *Gourley* agt. *Campbell* (6 *Hun*, 218) ; *Guernsey* agt. *Guernsey* (36 *N. Y.*, 272) ; 4 *Kent's Com.*, 202 ; *Colton* agt. *Fox* (67 *N. Y.*, 353)

*H. H. Woodward*, for grandchildren.

W. D. SHUART, *Surrogate.* — I think the eight children of the testator became entitled, on his death, to a vested remainder in the $3,500, the income of which was, by the first clause of

his will, bequeathed to his wife " and *upon her death*" to his eight children, "*or the survivor or survivors* of them." The will speaks from the death of the testator. The rights of all claiming under or in opposition to it hinge upon that period of time. There must be something in the provisions of the will in conflict with this principle to prevent its application to those claiming under it.

At the death of this testator there was no uncertainty in the right of enjoyment by these eight children, of the principal of this legacy, but it was uncertain whether they would all live to come into actual possession of it.

They might not survive the tenant for life, but it was not made a condition that they should survive, in order to enjoy the estate.

The eight children had a present capacity to take if the possession became vacant.

The time of the enjoyment is simply postponed until such possession became vacant (*Williamson* agt. *Field*, 2 *Sandford Ch.*, 553).

The legacy is not bequeathed to such of the children as should survive the wife.

It is a legacy bequeathed and made payable at a future period of time, viz., "upon the death of the wife." It is not given to take effect, provided the legatee shall be alive at the death of the wife. If the wife had died before the testator, the legacy would have vested at once upon the death of the testator.

The testator has not affixed time to the substance of the legacy and made the legatee's right to depend on his being alive at the time fixed for payment. Whenever the possession of the particular estate, by the tenant becomes vacant, the children become entitled to their previously unpossessed vested estate in remainder.

The words "*after*" the death of the wife and "*upon*" the death of the wife, or the like expressions, do not make a contingency, but merely denote the time of the commencement

of the enjoyment of the remainder (*Johnson* agt. *Valentine*, 4 *Sandford*, 36).

A legacy bequeathed to a minor, payable "*upon*" his arrival or "*at*" his arrival at the age of twenty-one, vests immediately upon the testator's death. It is "*debitum in presenti solvendum in futuro*."

Not so, if the legacy is bequeathed to the minor, payable "provided he shall," or "if he shall," or "in case he shall" arrive at twenty-one. Then the legacy lapses if he die during minority. In the former case, however, it would pass to his legal representatives. I am unable to distinguish this case from *Moore* agt. *Lyons* (25 *Wend.*, 119), which seems to have been followed with uniformity in subsequent cases in this state. It is true, in that case there was a devise of *real estate*, and after the words "survivors or survivor of them" the words "*their heirs and assigns forever*" were added; but those words did not enhance the quality of the estate, or give additional force to the expression of the testator's intention, because they were entirely supererogatory, no words of perpetuity being necessary to convey or devise a fee; and, as I understand the case of *Moore* agt. *Lyons*, the same rule of construction prevails, whether *real or personal* property is the subject of the devise or bequest. In *Lovett* agt. *Buloid* (3 *Barb. Ch.*, 145), the construction of the will, which refers " the survivorship to the death of the testator, and not to the termination of the particular estate, is held proper," "where such construction is necessary to give effect to the probable intentions of the testator in providing for the surviving issue of such of the objects of his bounty as may happen to die during the continuance of the particular estate." This view of the chancellor would seem to apply with some force to the *fifth clause* of the will in this case.

In note *a*, 4 *Kent's Commentaries* (203), it is said "survivorship is referred to the period of the death of the testator, if there be no special intent manifest to the contrary, so as not to cut off the heirs of the remainder-man, who should

happen to die before the tenant for life. They are vested and not contingent remainders." "This is now become the settled technical construction of the language and the established English rule of construction."

In *Doe ex dem. Waring* agt. *Prigg* (8 *Barn. & Cress.*, 231), the decision of Sir JOHN LEACH, in *Cripps* agt. *Wolcott* (4 *Madd.*, 11), is overruled.

In *Young* agt. *Robertson* (*House of Lords*, 8 *Jurist* [*N. S.*], 825 [*February* 14, 1862]), it is said in head-note "to be a settled rule of construction, that words of survivorship in a will should be referred to the period appointed by that will for the payment or distribution of the subject-matter of the gift.".

However the "established rule of construction" might be applied to the case in hand, I think this case must be governed by the rule adopted in *Moore* agt. *Lyons*, followed, as it is in the subsequent cases in our reports.

In the case of *Carmichael* agt. *Carmichael* (1 *Abbott's Ct. App. Dec.*, 309) the terms of the will gave the testator's estate to his wife for her life, after her death the remainder to testator's children *who might then be living*, and the widow and executrix of one of the testator's children brought an action against the widow and executrix of the original testator, to compel an accounting and payment of the share of such child. The court very properly sustained a demurrer to the complaint. The authority is not in conflict with *Moore* agt. *Lyons* (*supra*). It is said " if the children had died prior to the death of the widow, the whole legacy would have lapsed. In such case the issue of the several children would have taken the $3,500, not under the bequest in question, but under the residuary bequest, which gave vested interests in the eight children in all the estate not otherwise effectually disposed of by the will."

It may be asked, *when* would these interests *vest* in the *eight children*, either (if the argument is sound) at the death of the testator or not at all. In the case put, none of the eight

children survive the tenant for life, consequently the residuary devise and bequest lapse and become part of the general estate, because, as is claimed, there is no one to take who answers to the description " or to the survivors of them."

Does not the testator then die intestate *quoad* $3,500, as if the time of the death of the widow in the case put, and if the construction be sound, and do not the issue of his deceased children take as *his heirs at law* and next of kin, and not under the residuary bequest, which must be regarded as ineffectual, because there is no *vested* interest until the death of the widow and no "*gift*" to any one but her until then ?

Is not this the logical result of so construing the clauses of the will in question ?

It is needless to add, courts always, if it can consistently be done, construe wills to prevent intestacy, and remainders as vested rather than contingent.