In the Matter of the Judicial Settlement of the Account of Proceedings of UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee of the Respective Trusts Created by RHODA E. HOYT by the Fifth Paragraph of Her Will for the Benefit of CORNELIA B. HOYT and Others.

ISABEL HOYT BANGS and Others, Appellants; UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee, etc., and Others, Respondents.

*Will — trust — vested remainder — construction.*

Appeal from a decree of the Surrogate's Court of New York county entered upon a report and opinion of a referee settling the accounts of the trustee under the will of Rhoda E. Hoyt, and as incidental thereto construing the 5th clause of the said will.

Decree affirmed, with separate costs to appellants appearing by separate counsel and filing briefs herein, and to the respondent Dorothy Hoyt, payable out of the estate. No opinion. Present — Clarke, P. J., Laughlin, Scott, Page and Davis, JJ.; Laughlin and Page, JJ., dissented.

PAGE, J. (dissenting): The majority of the court having agreed to affirm the decree without opinion, renders a statement of the facts necessary, in order that the grounds of my dissent may be intelligible. The 5th clause of the will of Rhoda E. Hoyt granted the rest, residue and remainder of her estate to her executor and trustee to be divided into four equal parts each one of which was directed to be invested and the proceeds and net

income thereof paid to each of the four children of the testatrix during their lives and to their husbands or wives, as the case might be, for life, after which the principal was directed to be paid to the lawful issue of such child of the testatrix absolutely. The will then provided: " In the event that any of my said children die without leaving lawful issue, *then* I give, devise and bequeath the share which would have come to such lawful issue respectively to my other children, share and share alike, to and for their own use forever, and in the event of such other children dying leaving issue, the issue of such deceased child or children shall take *per stirpes* the share which would have fallen to the parent if living." The testatrix, Rhoda E. Hoyt, died in the year 1901, survived by her said four children. The controversy in this case relates to the share of the testatrix's son, Reuben M. Hoyt, one of the life beneficiaries, who died without issue and without having had issue, on May 16, 1914. At the time of his death his brother Frank R. Hoyt had previously died on the 24th day of February, 1911, without issue. The other brother, Jesse Hoyt, had died on the 11th day of January, 1902, leaving a widow and three children surviving, and his sister, Isabel Hoyt Bangs, is still living. It is claimed on behalf of Isabel Hoyt Bangs and on behalf of the widow and children of Jesse Hoyt that upon the death of Reuben M. Hoyt without issue, his share should be divided into two portions and paid to Isabel Hoyt Bangs and the issue of Jesse Hoyt. On behalf of the estate of Frank R. Hoyt, however, it is claimed that upon the death of the testatrix, Reuben M. Hoyt then being without issue, the fee of his share became vested in his then living brothers and sisters, hence a one-third part thereof vested in Frank R. Hoyt at that time, to be divested by birth of issue to Reuben M. Hoyt. The referee has so found, and bases his conclusion mainly upon the principle that the law favors vesting at the earliest possible moment and that Frank R. Hoyt being one of the persons who, had Reuben M. Hoyt died at the time of the death of the testatrix without issue, would have taken one-third of the fee of his share, he then took a vested remainder therein under section 40 of the Real Property Law.* (*Moore* v. *Littel*, 41 N. Y. 66.) A majority of this court has adopted that view. There is no doubt under the authorities that at the time of the death of the testatrix Frank R. Hoyt had a vested remainder in one-third of the share of Reuben M. Hoyt under the New York rule, and that such remainder was vested to be divested by the birth of issue to Reuben M. Hoyt. So far the referee is correct. There was a further condition subsequent, however, which, in my opinion, the majority of the court has failed to consider, namely, that the remainder of Frank R. Hoyt was also to be divested by his failure to survive the event. The " event " is clearly stated as follows: " In the *event* that any of my said children die without leaving lawful issue, *then* I give, devise and bequeath the share which would have come to such lawful issue respectively to my other children share and share alike." The will further provides

---

.* Consol. Laws, chap. 50 (Laws of 1909, chap. 52), § 40; Gen. Laws, chap. 46 (Laws of 1896, chap. 547), § 30.— [REP.

that the issue of any deceased child in such event should take *per stirpes* the share which would have fallen to the parent if living. Clearly, therefore, in order to inherit the share of the trust fund for Reuben M. Hoyt, his brothers and sister or their issue were required to survive the event of his death and their share was to be divested by failure to survive such event. The gift over, upon the death of the life beneficiary, Reuben M. Hoyt, was a gift to a class, namely, to *the other children of the testatrix*, with a provision for representation by issue in the case of the death of any member of the class leaving issue. In the case of such a limitation relating to personal property it is well settled that the class is to be determined as of the date of distribution unless the contrary intention is clearly expressed in the will. (*Matter of Baer*, 147 N. Y. 348, 353; *Teed* v. *Morton*, 60 id. 502, 506; *Salter* v. *Drowne*, 205 id. 204, 216.) The language of the gift in the instant case expresses futurity. There is no present gift of the remainder to the children of the testatrix, but a gift in the future event of the death of Reuben without issue, and the will states " *then* I give, devise and bequeath the share which would have come to such lawful issue respectively to my other children." The word " then " clearly relates to the clause which precedes it and fixes the time of the gift as the time of the happening of the event named. (*Columbia-Knickerbocker Trust Co.* v. *Wainwright*, N. Y. L. J. Nov. 9, 1912; affd., 158 App. Div. 884; 213 N. Y. 680.) In *Matter of Baer* (*supra*) the Court of Appeals, in construing a testamentary provision similar to the present one, said (at p. 353): " Where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made [citing cases]. In such cases the gift is contingent upon survivorship, and if it vests at all before the date of distribution it is subject to be divested by the death before that time of a person presumptively entitled to share in the distribution." It follows that inasmuch as Frank R. Hoyt did not survive the event so as to remain a member of the class at the time fixed for distribution, and left no issue which could take by representation, his estate is not entitled to share in the distribution of the property held in trust during Reuben's life. In my opinion the decree should be modified so as to direct the transfer of the trust fund held for the benefit of Reuben during his life, one-half to Isabel Hoyt Bangs and one-half to the children of Jesse Hoyt in equal shares. Laughlin, J., concurred.