In the Matter of the Estate of RHODA E. HOYT, Deceased.

Surrogate's Court, New York County, January, 1923.

**Wills — when gift to lawful issue of children does not include adopted child of son.**

The will of testatrix directed the division of her residuary estate into four parts and payment of the income of each part respectively to her four children. One of said children though he left him surviving no children in the sense of issue did leave a daughter who to the knowledge of testatrix he had adopted seven years before the execution of the will, which after directing upon his death payment of the principal of his share to his lawful issue, if any, share and share alike to and for their use forever, provided: " In the event that any of my said children die without leaving lawful issue, then I give, devise and bequeath the share which would have come to such lawful issue respectively to my other children share and share alike, to and for their own use forever, and in the event of such other children dying leaving issue, the issue of such deceased child or children shall take *per stirpes* the share which would have fallen to the parent if living." *Held*, that the adopted daughter was not " lawful issue " of her foster father and was, therefore, not entitled to take the remainder of the trust for him.

The test was not what her status as adopted daughter is at law but how she is treated in the nomenclature or vocabulary of the testatrix.

PROCEEDING to settle executor's accounts.

*Stewart & Shearer (Carrington G. Arnold,* of counsel), for executor.

*Lord, Day & Lord (John W. Castles,* of counsel), for respondent Isabel Hoyt Bangs.

*Samuel T. Carter, Jr. (Henry W. Jessup,* of counsel), for objectant Dorothy Hoyt Votichenko.

*Gerald J. Barry,* special guardian.

*H. A. Cushing,* for Vavis P. Hoyt.

FOLEY, S. Upon this accounting the question arises as to the distribution of the principal of a trust fund created by the will of the testatrix. The testatrix died December 6, 1901. The will was executed on November 6, 1901. It directed the division of the residuary estate into four parts and the payment of the income of each part respectively to her four children, Reuben M., Isabel H. Bangs, Jesse Hoyt and Frank R. Hoyt. The income of the fund in question here was directed to be paid to her son Frank R. Hoyt for his life. He died February 24, 1911. He left no children, but in 1894 he adopted Dorothy Hoyt, now Votichenko. With respect to Frank's share the will further provided " upon his death I direct that the principal of said share be paid to his lawful issue, if any, who would have, share and share alike

MATTER OF RHODA E. HOYT. **189**

Misc. 188]     Surrogate's Court, New York County, January, 1923.

to and for the use of such issue forever." The will then provides: " In the event that any of my said children die without leaving lawful issue, then I give, devise and bequeath the share which would have come to such lawful issue respectively to my other children share and share alike, to and for their own use forever, and in the event of such other children dying leaving issue, the issue of such deceased child or children shall take *per stirpes* the share which would have fallen to the parent if living."

The question to be determined is whether Dorothy, as the adopted daughter, is entitled to take the remainder as the lawful issue of her foster father Frank. Her claims have been twice determined against her. *First,* in an accounting proceeding in this court involving a part of this same trust, in which the rights of the adopted daughter were protected by a special guardian, the decree dated January 12, 1912, excluded her from participation in the remainder. That decree directed payment of the principal to the brothers and sisters of Frank, or their representatives. No appeal was taken. *Second,* an accounting in the Supreme Court was had in 1912 of a trust established by a trust deed made by Rhoda E. Hoyt, which provided that the income for life should be paid to her son Frank, with remainder over, upon his death, to his children then living. The trust deed also provided that in default of issue the remainder should pass to Frank's next of kin. In that action a guardian *ad litem* was appointed to protect the rights of the infant Dorothy, but no claim was made that her status as an adopted daughter entitled her to take as the issue or child of Frank R. Hoyt. Under the terms of the deed, however, it was held that she was the sole next of kin of her father, and as such took the remainder under the substitutional provision. Indeed, the learned counsel, who represented her in that action as well as in the present proceeding, stated in his brief in the Appellate Division, " It is conceded that Frank R. left no children in the sense of issue," and the Appellate Division, upon an appeal from the decree, recognized that concession. In the opinions of the court ( *United States Trust Co.* v. *Hoyt,* 150 App. Div. 621) Mr. Justice Dowling stated that her father left no issue, and Mr. Justice Ingraham stated: " It seems to be conceded that the adopted daughter could not take under this clause as a child of Frank R. and that conclusion is sustained by *Matter of Leask* (197 N. Y. 193)." The determination of this proceeding might well rest upon these decisions. In view, however, that no claim of *res adjudicata* is made here, further litigation, I hope, will be avoided by my disposition upon the facts and law of the present proceeding.

It was held in *N. Y. Life Ins. & Trust Co.* v. *Viele,* 161 N. Y.

11, that the question whether an adopted child was within the term " lawful issue " used in a will, was a question of the construction and interpretation of the language contained in the testament, and that the words " lawful issue " are presumed to have been used in the sense of natural descendants, and do not include children by adoption. An examination of the language of the instrument to be construed here clearly establishes that the intent of the testatrix was to exclude Dorothy from participation in the fund. The child was adopted seven years before the execution of the will, and the testatrix's knowledge of that fact is undisputed. In a previous paragraph of the will she devised certain real estate to her son Frank R. and his wife for the terms of their natural lives, and upon the termination thereof " to their adopted child Dorothy." The trust set up for the benefit of the son, Frank R., is significantly different in its terms from the trusts established for her three other children. The remainders to these other children were to be paid *to their lawful issue.* The remainder in the case of the trust for Frank was to be paid " to his lawful issue, *if any he should have.*" Frank had no issue at the date of execution of the will of testatrix, and by that clause the testatrix contemplated birth of issue to her son and limited the remainder to his offspring only. Moreover, the language of the other trusts mentioned the then living children of her daughter and another son, while no reference was made in this trust to the adopted daughter, Dorothy.

The Court of Appeals held in *Matter of Leask, supra,* where the will directed the payment of the income of a trust fund to a nephew of the testator during his life, and upon his death leaving a child or children surviving him, to pay over the principal of said sum to said child or children, that the adopted child of the nephew would not be deemed his child so as to defeat the rights of remaindermen. The court followed the previous ruling in *N. Y. Life Ins. & Trust Co.* v. *Viele, supra,* that the test was not what the status of the adopted child is at law, but how such child is treated in the nomenclature or vocabulary of the testator. This rule as to wills is sharply distinguishable from the authorities which have extended to adopted children the rights of natural children under the provisions of section 114 of the Domestic Relations Law. In these cases, phrases in other statutes, such as lineal descendants (*Matter of Cook,* 187 N. Y. 253; *Matter of Hoyt,* N. Y. L. J. Nov. 22, 1918; affd., 187 App. Div. 951); child or children (*Bourne* v. *Dorney,* 184 id. 476; affd., 227 N. Y. 641; *Matter of Foster,* 108 Misc. Rep. 604); heirs at law or next of kin (*Theobald* v. *Smith,* 103 App. Div. 200; *United States Trust Co.* v. *Hoyt,* 150 id. 621; *United States Trust Co.* v. *Hoyt,* 115 Misc. Rep. 663; affd., 173 App. Div. 930;

MATTER OF BENJAMIN M. CLARK. **191**

Misc. 191]     Surrogate's Court, New York County, January, 1923.

affd., 223 N. Y. 616; *Matter of Hoyt,* N. Y. L. J. Dec. 12, 1916; affd., 179 App. Div. 923; affd., 223 N. Y. 617) were held to include an adopted child.   Likewise the rights of adopted children have been recognized where the testator used language in a will or deed of trust having a statutory definition such as heirs or next of kin. *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127; *Dodin* v. *Dodin,* 16 App. Div. 42; affd., 162 N. Y. 635.   But these cases all involve statutory construction and not the ascertainment of the intent of a testator.   Similarly, the cases cited by counsel for Mrs. Votichenko determined status in some other capacity than as the issue of her foster father, and, hence, are not controlling, and must be disregarded.

Submit decree accordingly directing a distribution of the remainder of the Frank R. Hoyt trust in the proportion of one-third to Isabel Hoyt Bangs, one-third in equal shares to the issue of Jesse Hoyt, and one-third to the executor of the estate of Reuben Hoyt.

Decreed accordingly.