In the Matter of the Petition of IRVING TRUST COMPANY to Render and Settle Its Account as Substituted Trustee under the Last Will and Testament of PHEBE J. WOODRUFF, Deceased.

Surrogate's Court, Kings County, November 11, 1929.

*Charles B. Hobbs*, for the petitioner.

*Frank D. Arthur*, for the respondent Franklin Woodruff, 3d.

*Noble, Morgan & Scammell* [*James H. Kirkpatrick* and *Richard W. Hagan, Jr.*, of counsel], for the respondents George L. Breeden and George L. Breeden, Jr.

*William B. Dessner*, for Frederick L. Clark, as administrator of Edwin N. Clark, deceased.

*Richard M. Martin*, for Phebe V. S. Pierson, individually and as executrix of Anna D. Palmer, deceased.

*Lewis C. Grover*, for Orphan Asylum Society of the City of Brooklyn.

*Watson, Kristeller & Swift*, for The Church of the Pilgrims.

WINGATE, S. This is an application for a construction of the will of Phebe J. Woodruff, which was admitted to probate in this court on the 4th day of June, 1920, made upon the final accounting of the trustees.

The questions raised concern the rights of three beneficiaries named in the " thirteenth " item of the will who survived the testatrix but died prior to the termination of the life estates.

By the first eight items of the will, testatrix gave specific bequests to her two sons, her stepgrandson, her stepdaughter and for cemetery care. Item " ninth " erected a trust of $15,000 for her stepgrandson; " tenth " directed distribution of certain personal property and " eleventh " gave the balance of her estate to her trustees on a trust for her two sons and their survivor for life. The distribution of the remainder, upon the death of the survivor of the trust beneficiaries, is the question involved in the present application. This is dealt with in the next two items of the will which read as follows:

" *Twelfth*. Upon the decease of my said sons Franklin and Arthur V. S. Woodruff leaving them, or either of them, any issue surviving, I hereby give, devise and bequeath all my residuary estate to be divided equally between said issue, *per stirpes* and not *per capita*, and my stepgrandson Franklin Woodruff, third.

" *Thirteenth.* In the event of the decease of my said sons Franklin and Arthur V. S. Woodruff leaving them, or either of them, no issue surviving, then I give, devise and bequeath all my said residuary estate as follows:

" I give and bequeath to the Orphan Asylum Society of Brooklyn (with the management of which I was formerly associated) the sum of five thousand dollars ($5,000).

" I give and bequeath to the Church of Pilgrims corner of Remsen and Henry Streets in the City of Brooklyn, the sum of five thousand dollars ($5,000).

" I give and bequeath to Frederick L. Clark, M. D., at present of New Bedford, Massachusetts, and to Dr. S. Woodruff Clark, at present of Cranston, Rhode Island, and to E. N. Clark, D. D. S., at present at Taunton, Massachusetts, children of my husband Franklin Woodruff's sister Julia, the sum of Five thousand dollars ($5,000) each.

" I give and bequeath to Etta Woodruff Breeden, wife of George Lloyd Breeden, at present at Selma, Alabama, the daughter of my husband Franklin Woodruff's brother Modiah, the sum of Five thousand dollars ($5,000).

"All the rest, residue and remainder of my property, real, personal and mixed, I give, devise and bequeath, share and share alike, unto my nieces and nephews and step-grandson Franklin Woodruff, third, or the survivors of them, as follows: Annie D. Palmer, Phebe V. S. Pierson, and Dr. George Howard Palmer, all at present of the Borough of Brooklyn, Caroline V. S. Wyckoff, at present of Jamaica, Long Island, and my said step-grandson."

Testatrix's two sons have died, never at any time having had issue. Dr. George Howard Palmer predeceased the testatrix and Dr. E. N. Clark, Etta Woodruff Breeden and Annie D. Palmer while surviving the testatrix, predeceased the life tenants.

In consequence of these facts it becomes important to determine whether the interests of those who are now dead, but were living at testatrix's death, lapsed, or passed to their personal representatives. This determination involves an examination of the question whether their bequests were vested or contingent, since, if they were vested, the death of the beneficiaries prior to the time when they were entitled to come into possession of the property would not cause such legacies to lapse.

The argument contending for the contingent nature of the estates created is based on three points: *First,* on the use of the word " then " in the first paragraph of item " thirteenth," in which testatrix says that in the event of her son's dying without issue, " *then* I give," etc.; *second,* on the fact that all of the provisions

of this item were subject to defeat in case testatrix's sons left issue surviving them; and, *third*, because testatrix, in the residuary disposal in the final paragraph of this item employed the words " or the survivors of them."

These points will be considered in order.

The contention that the use of " then " in a manner similar to that here found imports a future direction, is not a new one, but in no case to which the attention of the court has been directed has it received the construction of suspending the vesting of the estate in connection with which it was used. Among the great mass of authoritative opposing determinations are *Roosa* v. *Harrington* (171 N. Y. 341); *Matter of Allison* (53 Misc. 222, 230; affd., 122 App. Div. 898; affd., 194 N. Y. 540); *Hennessy* v. *Patterson* (85 id. 91, 101); *United States Trust Co. of New York* v. *Hoyt* (179 App. Div. 923; affd., 223 N. Y. 617).

In the *Hennessy Case* (*supra*) the provision in the will was, " should my said daughter Margaret die without leaving any issue then the said property shall be left to my nephew, John Foley." The court says (at p. 101): " The contingency named by the testator was, should she die without issue living at her death. That was the uncertainty to which he referred, and for which he meant to provide; and the word ' then ' plainly refers to the event; to the happening of that contingency; and not to the time at which Foley's right should commence."

The second point, relating to the vesting in the legatees named in the " thirteenth " item must be decided adversely to the contention, not only under the wording of section 40 of the Real Property Law as authoritatively interpreted (*Moore* v. *Littel*, 41 N. Y. 66, 76, 77, 79, 80; *Stringer* v. *Young*, 191 id. 157, 161; *Matter of Haggerty*, 128 App. Div. 479; affd., 194 N. Y. 550; *United States Trust Co. of New York* v. *Hoyt*, 179 App. Div. 923; affd., 223 N. Y. 617; *Matter of Steinwender*, 176 App. Div. 517, 519; *Matter of Smith*, 205 id. 499), but also for the reason that facts substantially identical in all material particulars have been so construed. The case in which this result was reached was *Matter of Allison* (53 Misc. 222; affd., 122 App. Div. 898; affd., 194 N. Y. 540). There the testator, William J. Lazear, bequeathed certain property in trust to pay one-fifth of the income to his son, Cornelius, for life, and four-fifths thereof to his grandson, William, 2d, for life. He further directed that the remainder " shall be paid to the children of said William J. Lazear (2nd), if he shall have any, if not it shall be paid to my granddaughter, Frank Swarthout, or her heirs."

Testator was survived by the three persons named. Frank Swarthout, the granddaughter, predeceased both Cornelius and

William, 2d, leaving a husband, to whom she bequeathed all her property, but no child, her father being her sole heir at law. The will was admitted to probate and her husband qualified as sole executor.

Thereafter William, 2d, died, never having had any children, and the question was presented as to the rights of the husband of the granddaughter as her executor and sole legatee to the four-fifths trust created for William, 2d.

The court held that the remainder was vested in the grandaughter, subject to possible subsequent divestment in case William, 2d, left children.

The opinion of the court reads in part as follows (at p. 232): " The remainder in said fund was not contingent under the rules, for Mrs. Frank Swarthout was alive, she being the person mentioned as entitled in remainder; and it was not uncertain as to the event by which the intermediate estate was to be determined, for that event was the death of William J. Lazear, 2nd, and his death was certain; so there was neither a contingency as to the person entitled in remainder or as to the event by which the intermediate estate was to be determined. So that under the rule stated in *Van Axte* v. *Fisher, supra* [117 N. Y. 401, 403], this remainder was not a contingent, but a vested one."

The court, therefore, awarded the four-fifths of the principal fund to the husband of the granddaughter as her executor and sole legatee.

The final point relates to the residuary portion of item " thirteenth."

It is the general rule that " words of survivorship and gifts over on death of the primary beneficiary are construed, unless a contrary intention appears, as relating to the death of the testator." (*Nelson* v. *Russell,* 135 N. Y. 137, 141.) (See *Runyon* v. *Grubb,* 119 App. Div. 17, 19.) Perhaps the commonest type of case where such contrary intention is spelled out arises under the so-called " divide and pay over " rule. In the present instance, however, the words used by testatrix in no way look to the future, but strongly import a present gift: "All the rest, residue and remainder of my property, * * * I give, devise and bequeath * * *." As here used these words clearly import a present gift. Respondent refers to certain phraseology of the opinion of this court in *Matter of Davison* (134 Misc. 769), but that case was in no way similar to the present, being a gift to such unnamed persons as might constitute a class upon the termination of an intermediate life estate. In the instant case, in addition to the words of present gift, there is an express designation by name of the intended recipients of testa-

trix's bounty. It must, therefore, be held that the individuals named in the final paragraph of item " thirteenth," who were living at testatrix's death, received vested interests, subject to be divested in the event that either Franklin or Arthur V. S. Woodruff died leaving issue surviving. This contingency has not occurred, and, consequently, the contingently vested estates have not been defeated. (See *Matter of Turner*, 206 App. Div. 294; modified, *sub nom. Matter of Wolfe*, 207 id. 837; affd., on reargument, 210 id. 221, 222; affd., 239 N. Y. 585.)

Under these facts it would ordinarily follow that $5,000 should be paid to each of the following, namely, the Orphan Asylum Society of Brooklyn; the Church of the Pilgrims, Dr. Frederick L. Clark; Dr. S. Woodruff Clark; the personal representatives of Dr. E. N. Clark, and the personal representatives of Etta Woodruff Breeden, and the balance divided into four equal parts, and one such part paid to each of the following, namely, the personal representative of Annie D. Palmer, Phebe V. S. Pierson, Caroline V. S. Wyckoff and Franklin Woodruff, 3d, and such result must follow except as to the sum payable to the personal representatives of Etta Woodruff Breeden. In this connection, a stipulation, signed by the attorneys for all parties, has been filed, which reads as follows:

" That George Lloyd Breeden, Jr., named in the petition is the only child that was ever born to Etta Woodruff Breeden, named in paragraph 13th of the Will. That under the laws of descent and distribution of the State of Alabama, George Lloyd Breeden, and George Lloyd Breeden, Jr., named in the petition, inherited the personal estate of Etta Woodruff Breeden, named in paragraph 13th of the Will, and are each entitled under the laws of Alabama to one-half of any personalty as to which she died intestate, as tenants in common thereof (Code of Alabama of 1907, Sections 3754, 3755, 3762, 3763, 3765, unchanged in the Code of Alabama of 1923); that all the debts and funeral expenses of said Etta Woodruff Breeden, deceased, have been paid; that under the laws of the State of Alabama no administration on her estate was or is necessary; and that under such laws said George Lloyd Breeden and George Lloyd Breeden, Jr., succeed in equal shares to any personal property which she owned or in which she had any interest at the time of her death and are entitled to receive the same immediately and without administration upon her estate. That no inheritance taxes are due or are to become due to the State of Alabama out of the estate of said Etta Woodruff Breeden or upon the distribution of the personalty as to which she died intestate under the laws of that State."

On the basis of this showing, this court is requested to direct

the payment of the $5,000 due the estate of Etta Woodruff Breeden to George Lloyd Breeden and George Lloyd Breeden, Jr., in equal shares.

Authority for such a disposition under the peculiar facts here shown is found in *Matter of Van Kleeck* (95 Misc. 40, 45, 46; affd., 177 App. Div. 917), in which the authorities are collected and discussed in a learned opinion by the late Surrogate FOWLER. Since this decision and the cases cited furnish ample authority for such a disposition of the matter and it would avoid unnecessary expense and facilitate the settlement of the estate, the legacy to Etta Woodruff Breeden may be paid to George Lloyd Breeden and George Lloyd Breeden, Jr., in equal shares.

Enter decision and decree, on notice, accordingly.