In the Matter of the Estate of Leonie Guenard, Deceased.

Surrogate's Court, Kings County, October 15, 1933.

*Gaston F. Livitt*, for the petitioners.

*Gardiner Conroy*, special guardian.

*Ira Maier*, for Jules Radigonde and Marcelle Auperin.

Wingate, S.   Two questions of testamentary interpretation, and three objections to the account of the executors, interposed by the special guardian, are here presented for determination. The difficulty which the parties apparently experience regarding the proper interpretation of subdivision " B " of item 14 of the will is due to their failure to recall the fundamental principle of construction, that in the absence of a clear demonstration to the contrary, words of survivorship and gifts over on the death of the primary beneficiary are construed to relate to the death of the

testator. (*Nelson* v. *Russell,* 135 N. Y. 137, 141; *Matter of Woodruff,* 135 Misc. 203, 207; *Matter of Duffy,* 143 id. 421, 422.) In the questioned testamentary direction the primary gift was to Irma Jones and Edgar Jones in equal shares, with a further provision that in the event of the death of either, the survivor should take all subject to stated conditions subsequent. (*Matter of Smallman,* 141 Misc. 796, 800-803; *Matter of Wickham,* 139 id. 729, 731.) By the application of this rule the subsequent limitations upon the death of either become inoperative since they were both alive at the death of testatrix. They are, therefore, entitled in equal shares in one-third of the residue.

The provisions of subdivision " C " of the same item are so clear that the court finds difficulty in stating a paraphrase for the directions which would be more so. A trust is erected measured by the life of Berthe Auperin, the income therefrom being payable, one-third to Bertha for life, and two-thirds to her son, Gaston, for his life. In the event that Gaston predeceases the person upon whose life the trust is measured, his portion of the income is payable to his children until the termination of the measuring life, when the principle becomes the absolute property of such children. In the event that there are no children, the principal is to be disposed of in accordance with an alternative direction.

The special guardian originally interposed five objections to the account. He has withdrawn Nos. 3 and 4 and the remainder must be sustained upon the admitted facts of the case. The first two relate to commissions deducted by the attorney for the executors from income received by the estate subsequent to the death of the testatrix. These commissions were merely for the service of collecting the income which was an executorial function and duty. It is primary that any payment made by executors to others for the performance of the duties which they are legally bound to perform must be paid from their own pockets. (*Matter of Lester,* 172 App. Div. 509, 519.) The executors will accordingly be surcharged with such payments.

The final objection relates to the investment by the executors in mortgages and participation certificates. In view of their obligation to pay over the funds in their charge within a very brief space of time, their investment in such securities possessing no ready and established market and maturing at distant dates, was improper. (*Matter of John M. Blake,* 146 Misc. 776, 779, 780; *Matter of Sarah Blake,* 146 id. 780, 783-785; *Matter of Flint,* SLATER, S., 148 id. 474, 485.)

Since, however, the same persons are named as executors and trustees, the accountants may, if they elect, recast their account

and treat the aggregate sums, amounting to $27,100, so invested as paid in cash to themselves as trustees, leaving the question of the propriety of such investments by them as trustees to be determined at some future time when their accounts in that capacity are presented for judicial settlement. In the event that they do not so elect, the objection of the special guardian in this regard must be sustained and they will be surcharged in this sum.

Proceed accordingly.