## In the Matter of the Estate of THOMAS McPARLAN, Deceased.

Surrogate's Court, New York County, November 15, 1938.

*William Dewar,* for the administrator *c. t. a.*

*Samuel A. Spiegel,* special guardian.

*Austin J. Power* and *Edward J. Garity,* for legatees.

*Frederick W. McGowan,* for the National Surety Corporation.

FOLEY, S.   In this proceeding for the judicial settlement of the account of the administrator *c. t. a.,* a construction of the will is requested.

The testator died in 1901.  He left him surviving his wife, three daughters and three sons.  He gave his entire estate to his wife during the term of her natural life.  Upon her death he devised to a daughter, Esther, during her natural life, certain real estate, together with its contents, and devised and bequeathed his remaining property, real and personal, outright to his five other children, share and share alike.  He then provided in paragraph fifth of his will as follows: " Upon the death of my said daughter Esther if she leaves no issue surviving her I order, authorize and direct my executor and executrices, or the survivor or survivors of them to sell at public or private sale the house and lot known as 859 134th Street in the City of New York, being between St. Ann's Avenue and Trinity Avenue, together with all the furniture and goods of every description contained therein.  And all the money and proceeds arising from such sale I give, devise and bequeath to my son John E. McParlan, my daughter Frances E. Carter,

my sons James F. McParlan and Thomas J. McParlan, and my daughter Mary A. Smith, or the survivors or survivor of them, and their heirs, share and share alike."

The testator's widow died in 1908. His daughter Esther, the secondary life tenant, died in 1932, leaving no issue. By her death the life estate terminated. Three of the testator's children, John E. McParlan, Frances E. Carter and Mary A. Smith, predeceased Esther, leaving children and grandchildren them surviving. His sons, James F. McParlan and Thomas J. McParlan, still survive.

The question to be determined in this proceeding is, who shares in the distribution of the remainder now accounted for?

With the aid of appropriate rules of testamentary construction and their application to the language employed by the testator in his will, his intention that the remainder should vest at his death in his five children, John E. McParlan, Frances E. Carter, James F. McParlan, Thomas J. McParlan and Mary A. Smith, who survived him, becomes clear.

(1) In disposing of the remainder, the testator used the words, " I give, devise and bequeath." Words of present gift in reference to a remainder are strong evidence of an intention to vest the remainder on the death of the testator. (*Matter of Watson*, 262 N. Y. 284; *Connelly* v. *O'Brien*, 166 id. 406, 409; *Matter of Seaman*, 147 id. 69; *Matter of Nedham*, 192 id. 170; *Spicer* v. *Connor*, 148 App. Div. 334; *Matter of Evans*, 165 Misc. 752, 763; *Matter of Schaefer*, 160 id. 43.)

(2) The gift of the remainder was to the testator's five children *nominatim*. When a testator specifically refers to the remaindermen by name, it is further indication of an intention to give vested interests to the named persons on his death. (*Matter of Evans*, 165 Misc. 752; *Matter of Soy*, 143 id. 217, and cases therein cited.)

(3) The use of the words " or the survivors or survivor of them," referring to testator's named children, immediately following, as they do, language repeatedly held to vest the remainder, is strongly significant and must be construed, under well-settled principles, as intending those of the testator's named children surviving at the date of his death and not those surviving at the death of the life tenants. (*Dunkel* v. *Homeindustries, Inc.*, 275 N. Y. 327; *Matter of Mahan*, 98 id. 372; *Matter of Meyer*, 57 How. Pr. 203; *Moore* v. *Lyons*, 25 Wend. 118; *Matter of Maguire*, N. Y. L. J. Dec. 14, 1926, p. 1153); *Matter of Woodruff*, 135 Misc. 203.)

(4) There is, however, one contingency which might have operated to defeat the vested interests in the remainder of the children of the testator specifically named. That contingency did not

occur. The gift to them was contingent upon the testator's daughter Esther dying leaving no issue her surviving. She died without issue. The remainder was, therefore, never divested and it passed to the five children named in paragraph fifth of the will. (*Matter of Watson*, 262 N. Y. 284; *Stringer* v. *Young*, 191 id. 157; *Staples* v. *Mead*, 152 App. Div. 745; *Matter of Schaefer*, 160 Misc. 43; *Matter of Hungerford*, 158 id. 317; *Matter of Jarvis*, 152 id. 252; *Matter of Leonard*, 143 id. 172; *Matter of Woodruff*, 135 id. 203.)

The principal should, therefore, be divided into five equal parts. One of such equal parts should be paid to James F. McParlan and another to Thomas J. McParlan. The other three equal parts should be paid to the representatives of the respective estates of the testator's son, John E. McParlan, and his daughters, Frances E. Carter and Mary A. Smith.

It is urged on behalf of the issue of the children of the testator who survived him, but predeceased the life tenants, that the phrase in paragraph fifth " and their heirs " evidences an intention that the heirs of deceased children should take by way of substitution the shares their deceased parents would have taken had they survived the life tenants. The courts have firmly fixed the rule that such words must be construed as words of limitation and not of purchase and that no substitutional gift could be inferred from their usage unless the context of the will clearly showed a different intent or that the word " or " was intended for " and." (*Matter of Tamargo*, 220 N. Y. 225; *Matter of Allen*, 151 id. 243; *Drake* v. *Drake*, 134 id. 220; *Hilliker* v. *Bast*, 64 App. Div. 552.) No such different intention is found in the will in the pending proceeding.

Submit decree on notice construing the will and settling the account accordingly.