Peck, P. J.
The question in this case is whether remainders to Cornelia E. Stevens and Mary Kate Stevens under the will of Thomas B. Hidden became vested upon the death of the testator or were contingent upon their surviving the life tenants. The will established three trusts, each for the benefit of a named niece of the testator, and provided for a distribution of principal upon the death of the second niece to die and again upon the death of the third niece, as follows: ‘ ‘ And upon the death of two of my said nieces mentioned in this paragraph, 1 direct that the fund * * * originally set apart for the benefit of the one first dying shall be divided by my said Trustees into three equal shares, and I give and bequeath one of such shares in equal parts to the children of my deceased brother Edward S. Hidden, the children of any deceased child to take their parent’s share; one other of said three shares I give and bequeath to my nieces Cornelia E. Stevens and Mary Kate Stevens, or the survivor of them; and one other of said three shares I give and bequeath to my nephew Charles Popham Hidden, or to his descendants in case he is not living at that time. * * * And upon the death of the last of my said three nieces I direct that the capital of the funds originally set apart for the benefit of the two nieces last dying or the securities in which the same may then be invested, shall be divided by my said Trustees into three equal shares, and I give and bequeath one of such shares to my niece Adelaide Augusta Sully, or to her children in case she is not living at that time; one other of said three shares I give and bequeath to my nieces Cornelia E. Stevens and Mary Kate Stevens, or the survivor of them; and one other of said three shares to my nephew Charles Popham Hidden, or to his descendants in case he is not living at that time.”
One of the life tenants has died, the two others are still living, so no distribution of principal has as yet been required. Both Cornelia E. Stevens and Mary Kate Stevens, hereafter called the remaindermen, survived the testator but have since died. Appellants, representing the estates of the remaindermen, seek a declaratory judgment defining the interests of the remainder-men and particularly a declaration that their interests vested on the death of the testator and became parts of their estates. Bespondents contend that the interests were contingent upon their surviving the life tenants and have consequently lapsed. *308 The question resolves itself into one of the significance and meaning of the words “ or the survivor of them ” following, the designation of the remaindermen by name. Clearly the remainders would be vested were there no words of qualification on the designation. We are called upon to decide what the testator meant by the addendum “ or the survivor of them ”. Surviving when — at the time the estate with its trusts and remainders came into being on the death of the testator, or at the time of the distributions of principal on the death of the life tenants? If the former, both remainders vested on the testator’s death; if the latter, the remainders have failed.
We have reached the conclusion that survivorship of the testator was all that was intended and that the remainders vested on his death.
Apart from authority or rules of construction, which support that view, we reach the conclusion on the testator’s use of language in its context. The will as a whole, elaborate in provisions and meticulous in draftsmanship, reveals command and use of words to make meanings clear and to provide for contingencies where envisaged. We would certainly expect the draftsman, therefore, if survivorship of the life tenants was required as a condition of the remainders taking effect, to express that intention in readily understandable words rather than leave it to inference from sparse language. In numerous places in the will and codicils survival of a life tenant was by apt language specifically made the condition of a remainder. In the very provision under scrutiny in this case, dividing distribution of principal into three shares, one clause devising a share to the children of the testator’s brother provided for the contingency of a child not surviving the life tenants, and the clause devising a share to the testator’s nephew likewise provided for the contingency of his not surviving the life tenants. Similarly in the same provision for the testator’s niece, Adelaide Augusta Sully, the contingency of her not living at the death of the life tenants was contemplated. The contrasting absence of such qualifications in the case of the Stevens sisters cannot be regarded as an oversight or lapse on the part of the draftsman, but takes on the significance of a deliberate intention not to so qualify their remainders. We think that survivorship as to them must, under the circumstances, be related to the testator rather than to the life tenants and that the intention was to give a vested remainder to them or the survivor of them at the testator’s death.
*309 We are aided in. this view by authority and rules of construction. Many decisions have held that a remainder to named persons “ or the survivor of them ” vests in such of those persons as are living at the death of the testator, regardless of their survival of the life tenant (Moore v. Lyons, 25 Wend. 119; Matter of Bolton, 282 N. Y. 728, affg. 257 App. Div. 760; Matter of Mahan, 98 N. Y. 372; Matter of McParlan, 169 Misc. 1027). Such rules of construction as the law’s favoring the early vesting of estates and the avoidance of intestacy and that words of present gift or specification of individuals by name indicate a vested remainder support the interpretation in favor of vesting.
On the whole, we think the language employed in creating the remainders for the Stevens sisters should be given that interpretation. The judgment should be reversed and judgment entered in accordance with this opinion.
Glennon, Dore, Cohn and Callahan, JJ., concur.
Judgment unanimously reversed in accordance with the opinion herein. Settle order on notice.