Joseph A. Cox, S.
This is a proceeding for the construction of a will to determine the legal effect of a bequest of one half of the testatrix’ residuary estate in trust “to pay the net annual income thereof to my sister Sylvia Greenberg, during her natural life; upon the death of my said sister Sylvia, the trust herein created for her benefit shall cease and the principal thereof, together with any undistributed income shall be paid over to my nephews, Myron Greenberg and Allen Greenberg, or the survivor of them in equal shares.”
*674 The nephews allege circumstances which render a construction of the will at this time necessary and ask the court to direct that theirs is a vested remainder.
All interested parties, including the income beneficiary, have executed waivers of citation and consent to the construction requested except the sole surviving trustee who objects. Said trustee contends that the trust does not require determination at this time because the life beneficiary is living and that jurisdiction is incomplete. It is urged that in any event the remainders are not vested.
The general rule is that moot questions will not be answered while the income beneficiary is alive and will be considered only upon termination of the trust (Matter of Mount, 185 N. Y. 162; Matter of Trevor, 239 N. Y. 6). The court finds that the facts set forth in the petition justify a departure from this general rule.
Further objection is made that the born and possibly unborn issue of the living remaindermen are necessary parties. They are not necessary parties since their parents are alive and before the court; such children take nothing in their own right.
The law is well settled that in construing the language in a will a result is preferred that will accomplish the early vesting of estates because among other things it enables property to be freely transferred at the earliest possible date. (Matter of Krooss, 302 N. Y. 424.) Although the rule of early vesting will yield to a showing of a contrary intent, the court can find in this will nothing that would convey such a contrary thought. A reading of the entire'will indicates that the decedent bequeathed one half of her residuary estate outright to one sister and ‘ ‘ the other equal half ’ ’, that with which we are here concerned, to a second sister in trust. The legacy of the remainder is to the nephews. There is no language indicating that the testatrix intended that vesting in them be postponed until termination of the trust.
In Matter of Montgomery (258 App. Div. 64, affd. 282 N. Y. 713), the language of the will provided for distribution of the remainder equally among three sons of the testator “ or their survivors The court said (p. 65): “ There is no language in this will which requires a departure from the well-settled rule that, ordinarily, a requirement of survivorship of a remainder-man imposed by the testator refers to the death of the testator and not to the death of the life tenant. On the contrary, the testator provides that, with respect to the general and specific legacies and the payments from the remainder to his grandchildren, the question of survivorship should be determined by *675 and at the time of his death, i.e., as he expresses it, ‘ die before me.’ Furthermore, if the pertinent language here were construed as requiring the remaindermen to survive the life tenant, intestacy would result if the life tenant survived the other two sons of an earlier marriage, who are well advanced in years. While the language of the will is that the remainder ‘ shall be equally divided and paid to,’ as distinguished from words of direct gift, vesting is not thereby affected. (Matter of Banker, 223 App. Div. 496, 501; affd. 248 N. Y. 596; Roosa v. Harrington, 171 id. 341, 353; Matter of Mahan, 98 id. 372, 376.) The designation of the three sons by name is an effective element in the determination of the intent of the testator that the remainder should vest in the sons of their survival of the testator. (Moore v. Lyons, 25 Wend. 119, 150; Matter of Weaver, 253 App. Div. 24, 27; affd., 278 N. Y. 605; Matter of Mc Parlan, 169 Misc. 1027, 1029. Cf. Matter of Watson, 262 N. Y. 284, 299, 300; Connelly v. O’Brien, 166 id. 406.) ”
The facts of this case necessitate a construction that the remainder of the trust for the benefit of Sylvia Greenberg vested in Myron and Allen Greenberg at the death of the testatrix. Submit decree construing the will accordingly.