Fold, J. (dissenting).
Gullabi G-ulbenkian died in 1918, survived by his wife and two brothers. By paragraph Fifth of his will, he left the sum of $300,000 in trust for his wife for life and provided for the disposition of the remainder upon her death in this way:
"I give and bequeath the remainder of said trust fund, upon her death, to my brothers, Badbig Gulbenkiah and Haeutuhe Gtjlbehkian, in equal shares and their several descendants per stirpes.”
It seems quite clear to me, as it did to the Surrogate and all of the Appellate Division Justices, that the remainder interest vested indefeasibly in Badrig and Harutune, provided only that they outlived the testator.
However, the appellants contend, and the majority accepts the contention, that the phrase, “and their several descendants per stirpes ”, provided for a substitutionary gift to the heirs of Badrig and Harutune and somehow or other required them to survive the widow. I find no warrant for such a construction and, accordingly, conclude that, since each of the brothers was living when the testator died, each of them became entitled, absolutely and in fee, to the remainder gift, and it mattered not that they predeceased the life beneficiary.
The determinative factor is, of course, the intention of the testator as expressed in the will and, in ascertaining what it was, we should not ignore settled rules and principles of construction. In other words, when a .will contains language which *373 has acquired, through judicial decision, a definite and established significance, the testator is taken to have employed the language in that sense and with that meaning in mind. (See Matter of Krooss, 302 N. Y. 424, 428.)
In the case before us, the testator made a gift to named persons—his brothers Badrig and Harutune — and used words of present gift — “ I give and bequeath These are pointed indications that the testator intended them to have indefeasibly vested remainders. (See Matter of Campbell, 307 N. Y. 29, 34; Matter of Montgomery, 282 N. Y. 713, affg. 258 App. Div. 64; Connelly v. O’Brien, 166 N. Y. 406, 409; see, also, 3 Restatement, Property, §§ 256, 257.) As this court stated in the Campbell case (307 N. Y., at p. 34), “The use of the phrase, ‘upon the death of,’ as an adverbial expression of time has on innumerable occasions been interpreted to annex futurity only to possession and not to the substance of the gift. * * * ‘ An explicit present gift of a future interest implies, in the absence of contrary indications, that the intervening estate * * * merely suspends the enjoyment of the interest and does not prevent the vesting thereof.’ (Powell, op. eit. [Real Property, 1950, Vol. 2], § 331, p. 735; see, also, [3] Restatement, Property, op. cit., § 257.) ”
It is indisputable, therefore, had the sentence ended with the provision for the gift of the remainder, upon the wife’s death, to his two brothers “ in equal shares ”, that the brothers would have taken vested remainders. And I do not believe that the words which followed—“and their several descendants per stirpes ” — changed the nature of the bequest or cut down the character of the estate. Additional language, we have written (Matter of Krooss, 302 N. Y., at p. 428), “ will not be read as qualifying or cutting down the estate unless that language is as clear and decisive as that which created the vested remainder. ’ ’
The claim that the phrase “ and their several descendants per stirpes ” bespeaks a substitutionary gift is actually negated by the language which the testator used in other portions of his will. He knew how to provide for such a gift, whenever he so intended, in clear and unmistakable terms, in the event of the prior death of a beneficiary. In each of paragraphs Third and Fourth, for instance, he gave $50,000 to a named sister and explicitly provided that, 11 in case of her prior death”, the *374 bequest was to go ‘‘ to her descendants per stirpes ’ ’. And in paragraph Sixth, the testator set up á trust for a nephew for 10 years and, in providing for the disposition of the funds if the nephew died during the 10-year trust period, he used language reflecting meticulous attention to the matter of survivorship: ‘ ‘ In case of his death prior to the expiration of said ten years periodthe testator declared, “I give and bequeath the remainder of said trust fund to his descendants, if any, per stirpes
The careful wording of this provision as to the devolution of the remainder of the trust fund is in sharp contrast with that of paragraph Fifth and renders almost irresistible the conclusion that under such provision the remainder was to vest in Badrig and Harutune absolutely. As this court observed in Mullarky v. Sullivan (136 N. Y. 227, 231), involving a somewhat similar situation, “ The difference in meaning and language between the two provisions is so pronounced that it serves to emphasize the different intention which the testator had rather than to furnish an argument in support of the proposition that the intent in both cases was the same.”
Matter of Larkin (9 N Y 2d 88), upon which the appellants rely, is quite different from the case before us. In Larkin, too, the words of survivorship were explicitly set forth, just as in paragraph Sixth of the present will and in sharp contrast to the language of article Fifth. In Matter of Larkin, the will gave the testator’s wife a life estate, granted the remainder to his three sons and provided that, “ In the event that any of my sons should die leaving descendants, said descendants shall take the share of any such deceased son, per stirpes ”. This is far different language than that which is here under consideration.
It was not the words, “descendants per stirpes”, which imported into the clause in the Larkin will the requirement of survivorship; it was, rather, the reference to the death of the sons, coupled with the explicit provision that, if they “ should die leaving descendants ”, such descendants “ shall take ”. These are the “ words of survivorship ” to which the principle (quoted from Matter of Larkin, 9 N Y 2d, at p. 93) applies, namely, that ‘ ‘ ‘ words of survivorship refer to the time of the testator’s death “ only in the case of an absolute devise or bequest to one and in case of his death to another ”; they carry *375 no such implication where, as in the will under consideration, the first devisee or legatee takes a life estate. [Cases cited.] ’ (Matter of Gautier, 3 N Y 2d 502, 508, supra.) ”
In short, it is only a reference to the remainderman’s death, or his failure to survive, which justifies the construction, contended for by the appellants, that the remainder vests upon the death of the life beneficiary rather than upon that of the testator. Here, I repeat, there is no reference to death or survival of the testator’s brothers, and none is to be found in the reference to ‘ ‘ descendants per stirpes ’ ’.
Indeed, at the very least, to render the phrase, “ their several descendants per stirpes ”, words of purchase, rather than of limitation, it would have to be preceded by the conjunction “or” instead of “ and ” (Restatement, Property, § 252)) and in the present context there is nothing to warrant this court’s rewriting the will in this fashion. (See, e.g., Matter of Campbell, 307 N. Y. 29, 34, supra; Matter of McParlan, 169 Misc. 1027, 1030.) In the Campbell case, we refused to read the word “and” as “or” where, as here, it would defeat the early indefeasibility of the remainder, aptly noting that the appellants’ “ argument borders on verbal legerdemain, confusing as it does the time of enjoyment of the remainder with the time of its vesting in interest ” (307 N. Y., at p. 34).
The testatrix in Campbell had created a trust for the lives of a sister and a cousin, the remainder, upon their deaths, to go to her nephew Carl and his heirs. If the nephew predeceased them, then, the will provided, the corpus was to go to certain charities. The remainder to Carl was held to be absolutely vested, except in the event that he predeceased both sister and cousin. Since he predeceased only the sister, we hold his remainder to be absolutely vested. Although the problem posed was slightly different from that presented here, what we there wrote is particularly pertinent (307 N. Y., at p. 35): “ If [the testatrix] had created a trust for the lives of her sister and cousin with a remainder to Carl, if he be living at their deaths, his interest would then have been conditioned upon his surviving the other two and would have become indefeasibly vested only if he were alive at the termination of the trust. ’ ’
So, in the present case, if the testator had bequeathed the remainder, upon his wife’s death, to his “ surviving ” brothers *376 or to his brothers “ if they be living at her death ”, the necessary words of survivorship would be present and would evince the intent that their interest was to be conditioned upon their surviving the life beneficiary. Absent such words, or language of similar import, the will reflects the testator’s intention that his brothers were to have indefeasibly vested remainders if they were alive when he died.
I would affirm the order appealed from.
Judges Dye, Froessel, Van Voorhis and Foster concur with Judge Burke ; Judge Fuld dissents in an opinion in which Chief Judge Desmond concurs.
Order reversed, with costs to all parties appearing separately and filing separate briefs, payable out of the estate, and matter remitted to the Surrogate’s Court for further proceedings in accordance with the opinion herein.